**Rodney RODGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–91–097–CR, 13–91–098–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 30, 1992.

Frank Garza, Corpus Christi, for appellant.

Grant Jones, James Rosenkild, Corpus Christi, for appellee.

Before NYE, C.J., DORSEY and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Rodney Rodgers, guilty of robbery and sexual assault. After finding that he had been previously convicted of two felonies, the jury assessed punishment at 35 years in prison on the robbery conviction and 60 years in prison on the sexual assault conviction. By a sole point of error, appellant challenges the sufficiency of the evidence to support his convictions. We affirm.

On April 4, 1990, K.J. was the first person to arrive for work at a Corpus Christi beauty salon. The time was 7:45 a.m. She was not expecting any customers. Appellant entered the salon, and she met him face to face at the front door. He told her that he was going to rob her, and he threatened to kill her if she did not lie down. He punched her in the face, and she got down on the floor. He told her that he was going to rape her, and he took off her pants and pantyhose. He put his finger inside of her sexual organ and then went to the cash register. She watched him trying to get into the register. He threatened to kill her if she did not tell him how to open it. She testified that he would repeatedly try to open the cash register and then come back and put his finger inside of her sexual organ. Each time he told her that he was going to kill her and rape her. At one point, she heard him taking things out of the drawers, so she turned to look at him. She saw him taking off his pants. He hit her and told her that he was going to kill her and rape her. Out of fear, she told him to take her purse. He hit her in the face with it and told her to stay on the floor for five minutes, or he would return and kill her. He took her purse and left. She testified that even though the salon's interior overhead lights were turned off at the time of the alleged assault, she had enough light to see appellant, including his face. She said that some lights were on in the back part of the salon and that another light was on in the front of the salon. She said that appellant was in the salon fifteen

minutes. She called and gave his description to the police.

Officer Nowell heard this description and gave Sergeant Garrett the name of Rodney Rodgers as a possible suspect. Garrett prepared a photographic lineup of six black men with similar characteristics. The lineup included appellant's picture. On the day of the assault, Garrett showed K.J. the lineup, and she told him that appellant looked like the man who had assaulted her. Six days later, Garrett showed K.J. a live, physical lineup of six black men, including appellant. All of the men were thinly built, age twenty-five to thirty, with short hair. She chose appellant as the man who had assaulted her. She testified that she had no doubt that appellant was the man who had assaulted her. Garrett testified that when K.J. saw the physical lineup, she positively identified appellant as her assailant. K.J. also identified appellant in the courtroom as her assailant.

■ By a single point of error, appellant challenges the sufficiency of the evidence to support his convictions. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989). We must take each case and review all the evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime. *Butler*, 769 S.W.2d at 239.

■ In order to convict appellant of robbery, the State had to prove beyond a reasonable doubt that appellant, while in the course of committing theft of property and with intent to obtain and maintain control over the property, intentionally or knowingly threatened K.J. with, and placed her in fear of, imminent bodily injury or death. In order to convict appellant of sexual assault, the State had to prove beyond a reasonable doubt that appellant, without K.J.'s consent, intentionally or knowingly penetrated her female sexual organ with his finger, compelling her to submit or participate by threatening to use force or violence against her, and that she believed appellant had the present ability to execute the threat.

■ Karen Barnes, a crime-scene technician, testified that she lifted latent fingerprints from the salon, but she also said that they did not match appellant's known fingerprints. However, she said that based on monthly statistics, latent fingerprints are matched with a suspect's known fingerprints in only one out of every four cases. She also lifted three shoe impressions from the salon. These shoe impressions did not match the shoe impressions taken from the shoes which appellant was wearing three days after the assault.

The defense also showed that on the day of the assault, K.J. gave a statement to the police wherein she stated that "I didn't see his face real good because it was dark in there [the salon] and I was really scared he was going to really hurt me." The defense also showed that according to a national weather service report, the sunrise and sunset were cloudy on the day of the assault. The defense introduced into evidence a photograph of appellant taken four days after the assault, which showed that he had a mustache. K.J. testified that at the time of the assault, appellant did not have a mustache.

■ K.J.'s uncertainties and other discrepancies in the evidence were merely factors for the jury to consider in assessing the weight of her testimony and all the other evidence. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim.App.1978). K.J. saw appellant face to face, and she watched him as he tried to open the cash register. She said that she had enough light to see his face and that he was in the salon about fifteen minutes. She positively identified appellant in a live lineup and in the courtroom as the man who assaulted her. She never identified anyone other than appellant. She was shown photos of possible suspects on the day the offenses occurred and viewed the lineup just six

days later, so the time which elapsed between the offense and her identification of appellant was negligible. Based on all of this evidence, a rational trier of fact could have found appellant guilty of the offenses of robbery and sexual assault beyond a reasonable doubt.

The trial court's judgments are AFFIRMED.