**Terry Terrell HESTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–93–01837–CR.**

Court of Appeals of Texas, Dallas.

Sept. 18, 1995.

Billy R. Gant, Sherman, for Appellant.

Thomas H. Fowler, Assistant County Attorney, Sherman, for Appellee.

Before BAKER, CHAPMAN and DEVANY, JJ.

## OPINION

CHAPMAN, Justice.

Appellant appeals his jury conviction for aggravated robbery. The trial court assessed punishment at sixty years' confinement. The trial court also entered an affirmative deadly weapon finding. In four points of error, appellant generally contends the evidence is insufficient to support his conviction. Because we conclude the evidence is insufficient to support a deadly weapon finding, we reform the trial court's judgment to delete the word "aggravated" and any reference to a "deadly weapon." We affirm that part of the judgment finding appellant guilty of robbery. We reverse that part of the judgment which assesses punishment. We remand this cause for a new trial on punishment.

## FACTS

Arnold W. Voight, a 71–year–old man, testified that he lives in an apartment with his wife in Sherman, Texas. Arnold testified that on April 16, 1993, he and his wife returned home after eating dinner. Arnold's wife was watching television, and Arnold was in the bathroom. Sometime between 6:45 p.m. and 7:00 p.m., Arnold heard a loud knock on the door. Arnold's wife answered the door. Arnold heard his wife cry out his name and Arnold ran to the door. Arnold saw a man inside his apartment, holding his wife against a wall.

Arnold testified that he saw what he perceived to be a screwdriver in the man's hand. The State introduced a screwdriver into evidence as a jury aid which Arnold identified as a screwdriver he bought "to show the color of the handle" of the screwdriver the man had. Arnold testified that he could not tell whether the jury aid was similar in size to the screwdriver the robber had. Arnold testified that the screwdriver actually used in the robbery was cheaper than the one introduced into evidence. Specifically, he testified the screwdriver the man used was the type of screwdriver you would find on a "scramble" table for twenty-nine or fifty-nine cents.

Arnold showed the jury how the intruder held the screwdriver in a threatening manner toward his wife. Arnold identified appellant as the intruder. Arnold asked appellant what he wanted, and appellant demanded money. Arnold told appellant to get out. Appellant hit Arnold with his forearm and knocked him to the floor. Arnold stood up,

and appellant pushed Arnold down the hallway. Appellant pushed Arnold into the bedroom and grabbed his wallet, ring, and watch.

Arnold could not say whether or not he feared appellant would cause him serious bodily injury or death with the screwdriver. Arnold did, however, testify that he was afraid because appellant could push him around with little or no effort and that appellant could overpower him very easily.

Arnold got up and left the bedroom. Arnold saw his wife and appellant outside the apartment. His wife was screaming for help. Appellant grabbed her, threw her down and kicked her. Appellant left the apartment and drove away in a car.

On cross-examination, Arnold admitted he told police after the robbery that he was not sure appellant used a screwdriver in the robbery. Arnold told police appellant had a screwdriver or a knife. Arnold later realized it was a screwdriver because it had a yellow handle. Arnold reaffirmed that he recognizes appellant as the intruder.

Mildred Janett Bird Voight, Arnold Voight's wife, testified that on April 16, 1993, she was watching television when she heard a loud knock on the door between 7:35 and 7:45 p.m. Her husband was in the bathroom. Mildred opened the door and saw a young man. The man pushed Mildred into the apartment. Mildred identified appellant as the intruder.

Appellant knocked Mildred against the wall and locked the door. Appellant demanded money, and Mildred responded that they had none. Mildred testified that she was not that frightened until she saw appellant pull something out of his back pocket. Mildred testified that she believes the instrument appellant pulled out of his pocket was a screwdriver. Mildred testified that she believes the instrument looked something like the jury aid. She testified the instrument was about the same size as the jury aid.

Appellant raised the screwdriver toward Mildred and demanded money. Appellant did not lunge at Mildred with the screwdriver. Mildred was afraid appellant would try to hurt her. Mildred screamed for her husband. Mildred testified that appellant hit her husband, but not with the screwdriver, and her husband fell down.

When appellant and her husband were in the bedroom, Mildred went outside and screamed for help. Appellant returned from the bedroom. Appellant pushed Mildred to the ground and kicked her. Appellant broke Mildred's finger and hurt her shoulder.

Wayne Leon Jones testified that he is an investigator with the Sherman Police Department. Jones identified the screwdriver that was entered into evidence as a Stanley-type screwdriver with a Phillips end. A Phillips end has four prongs. Jones testified the jury aid could cause serious bodily injury or death.

Appellant called three alibi witnesses who all testified that appellant was at church between 7:30 and 9:00 p.m. on the day of the offense.

## SUFFICIENCY OF THE EVIDENCE

### Standard of Review

When we review the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict. *Garrett v. State*, 682 S.W.2d 301, 304 (Tex.Crim. App.1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). The inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State*, 746 S.W.2d 747, 750 (Tex. Crim.App.1988). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Dumas v. State*, 812 S.W.2d 611, 615 (Tex. App.—Dallas 1991, pet. ref'd). The jury, as trier of fact, may accept or reject any or all of the evidence of either side. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim. App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

## Aggravated Robbery

A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he knowingly or intentionally threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1994). A person commits aggravated robbery if he uses or exhibits a deadly weapon in the course of a robbery. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon 1994).

## APPLICATION OF LAW TO FACTS

### Fear of Imminent Bodily Injury

In his second point of error, appellant contends the evidence is insufficient to show he threatened or placed Arnold Voight in fear of imminent bodily injury or death. We disagree.

■ "Bodily injury" means physical pain, illness, or any impairment of physical condition. TEX.PENAL CODE ANN. § 1.07(a)(8) (Vernon 1994). The evidence shows appellant forced his way into Arnold Voight's home and pushed his wife against a wall. Appellant displayed a screwdriver and demanded money. Appellant then shoved Arnold down on the ground. Arnold stood up, and appellant pushed him into the back bedroom. Arnold testified he was afraid because appellant could push him around with little or no effort. We conclude a rational trier of fact could conclude appellant knowingly or intentionally threatened or placed Arnold in fear of imminent bodily injury. We overrule appellant's second point of error.

### Identity

In his fourth point of error, appellant contends the evidence is insufficient to identify him as the robber. Appellant maintains the Voights' in-court identification was uncertain. He maintains that, in light of his alibi evidence, the evidence is insufficient to support his conviction.

Appellant relies on cases in which the eyewitnesses gave an uncertain in-court identification. *See Anderson v. State,* 813 S.W.2d 177, 179 (Tex.App.—Dallas 1991, no pet.); *Bickems v. State,* 708 S.W.2d 541, 542–43 (Tex.App.—Dallas 1986, no pet.); *Ates v. State,* 644 S.W.2d 843, 844 (Tex.App.—Tyler 1982, no pet.). That is, the eyewitnesses were unable to testify positively and unequivocally that the appellant was the person who committed the offense.

Appellant asserts Arnold and Mildred Voight's in-court identification "must have been uncertain" because of what he contends are discrepancies in their testimony. Specifically, appellant complains: (1) his witnesses testified he had some facial hair at the time of the offense, yet the Voights testified that he had none; (2) the Voights did not notice appellant had a scar on his arm or that he was missing a tooth; and (3) the police report concerning the offense shows the height and weight of the offender as different from appellant's.

■ Contrary to appellant's assertion, the Voights' in-court identification was not uncertain. Rather, both witnesses unequivocally testified that appellant was the man that entered their apartment and robbed them. At no point did the Voights testify that they were not certain appellant was the offender. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. That the Voights did not notice appellant's scar or missing tooth are merely factors for the jury to consider in assessing the weight of their testimony. *See Rodgers v. State,* 827 S.W.2d 376, 378 (Tex.App.—Corpus Christi 1992, no pet.). Further, the jury was free to disbelieve appellant's alibi witnesses. *See Gaynor v. State,* 788 S.W.2d 95, 98 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). We overrule appellant's fourth point of error.

### Deadly Weapon

The State aggravated the offense by alleging appellant used or exhibited a deadly weapon in the course of committing the robbery. In his third point of error, appellant contends the evidence is insufficient to show the screwdriver was a deadly weapon.

■ A screwdriver is not manifestly designed to inflict serious bodily injury or

death. *See* TEX.PENAL CODE ANN. § 1.07(a)(17) (Vernon 1994). The State was therefore required to prove the screwdriver, in the manner of its use or intended use, was capable of causing death or serious bodily injury. *See id; Thomas v. State,* 875 S.W.2d 774, 778 (Tex.App.—Beaumont 1994, pet. ref'd).

"Serious bodily injury" is "bodily injury that creates a substantial risk of death, or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX.PENAL CODE ANN. § 1.07(a)(46) (Vernon 1994).

■ If the evidence does not show the weapon caused death or serious bodily injury, the State must produce evidence that shows the weapon (1) was capable of causing serious bodily injury and (2) was displayed or used in a manner that establishes the intent to use the weapon to cause serious bodily injury. *Lockett v. State,* 874 S.W.2d 810, 814 (Tex.App.—Dallas 1994, pet. ref'd). A weapon need not wound a person to qualify as a deadly weapon. *Denham v. State,* 574 S.W.2d 129, 130 (Tex.Crim.App.1978). Nor must the State introduce expert testimony to establish an instrument is a deadly weapon. *Lockett,* 874 S.W.2d at 814. However, expert testimony can be "particularly useful in supplementing meager evidence on the issue." *Davidson v. State,* 602 S.W.2d 272, 273 (Tex. Crim.App. [Panel Op.] 1980).

■ We examine each case on its own facts to determine whether a rational trier of fact could have concluded from the surrounding circumstances that an instrument was used as a deadly weapon. *Brown v. State,* 716 S.W.2d 939, 947 (Tex.Crim.App.1986). We consider the defendant's verbal threats, the distance between the defendant and the victim, and the witnesses' descriptions of the weapon in determining whether a defendant intended to use the instrument as a deadly weapon. *Id.* at 946.

In *Alvarez v. State,* 566 S.W.2d 612 (Tex. Crim.App. [Panel Op.] 1978), the court of criminal appeals held the evidence insufficient to support a deadly weapon finding. In *Alvarez,* the appellant swung a knife at an armed police officer from a distance of three or four feet, but missed. The appellant continued to advance toward the officer. The officer pointed his gun at the appellant and told him to drop the knife. The appellant eventually dropped the knife. In holding the evidence insufficient, the court reasoned:

> [The police officer] suffered no wounds. There was no testimony of the *size* of the knife's blade, although [the officer] testified it looked sharp. [The officer] did testify that he was in fear of serious bodily injury or death while the appellant brandished the knife.

*Alvarez,* 566 S.W.2d at 614 (emphasis original).

In *Blain v. State,* 647 S.W.2d 293 (Tex. Crim.App.1983), the court of criminal appeals also held the evidence insufficient to support a deadly weapon finding. There, the appellant told a clerk in a convenience store that the incident was an armed robbery. The appellant displayed "something like a kitchen knife," about six inches long. The clerk testified he was afraid the appellant might stab him with the knife. The appellant did not, however, attempt to stab the victim. The court held the evidence insufficient because: (1) no wounds were inflicted; (2) there was no evidence of the size of the knife's blade or its sharpness; (3) the appellant made no brandishing motions; and (4) there was no evidence the victim feared *serious* bodily injury or death. *Blain,* 647 S.W.2d at 294.

■ In this case, as in *Blain* and *Alvarez,* appellant did not inflict or attempt to inflict wounds with the screwdriver. Nor was there testimony about the size of the screwdriver's shaft. Although appellant held the screwdriver in a menacing fashion, he did not make brandishing *motions.* The distinction between this case and *Alvarez* and *Blain* is that, in this case, a jury aid was introduced into evidence in an attempt to show the screwdriver appellant used was a deadly weapon. Thus, we must determine whether evidence that the jury aid was a deadly weapon is sufficient to show the weapon appellant used was deadly.

The testimony attempting to show the similarity between the screwdriver appellant

used and the one introduced into evidence is as follows. Arnold Voight testified that he chose the jury aid to show the color of the handle of the screwdriver appellant used. Arnold did not testify that the jury aid was similar to the screwdriver appellant used in any other respect, as the dissent suggests.[1] In fact, Arnold could not say whether the jury aid was or was not about the same size as the screwdriver appellant used. Mildred Voight testified that she believes what appellant had was a screwdriver and knows it was not a knife or a gun. Mildred testified that she "believes" the screwdriver in evidence looked "something" like the tool appellant used. She testified the instrument was "about" the same size. However, she did not specify whether the handle of the screwdriver appellant used, the length or width of its metal shaft, or its sharpness were similar to the screwdriver in evidence. Nor did she testify to any other physical characteristics of the weapon appellant actually used.

Officer Jones testified the jury aid was a Stanley-type, Phillips-end screwdriver. It had a four-prong end. He testified that the jury aid could cause death or serious bodily injury. However, there was no evidence that appellant used a Stanley-type, Phillips-end screwdriver. Jones did not testify that a screwdriver like the one described by Arnold and Mildred Voight could cause death or serious injury. *Cf. Thomas,* 875 S.W.2d at 778 (evidence sufficient when expert testified that screwdriver like the one described by complainant could cause death or serious bodily injury); *Madden v. State,* 628 S.W.2d 161, 162 (Tex.App.—Eastland 1982, pet. ref'd) (evidence sufficient when actual screwdriver introduced into evidence and expert testified that it or a similar screwdriver could cause death or serious bodily injury). Nor did Jones testify that a screwdriver which was not a Stanley-type, Phillips-end screwdriver, but "about the same size," could cause death or serious bodily injury.

In *Rogers v. State,* 877 S.W.2d 498 (Tex. App.—Fort Worth 1994, pet. ref'd), the Fort Worth Court of Appeals held the State could show a particular knife was capable of causing death or serious injury by showing a similar knife was capable of causing death or serious bodily injury. *Id.* at 500. The *Rogers* court simply states that a "similar" knife was introduced into evidence and a police officer testified that it could cause death or serious bodily injury. The opinion is silent with respect to what similarities the State showed between the actual knife and the knife in evidence. Furthermore, in *Rogers,* the appellant threatened to cut off the victim's head prior to displaying the knife and repeated the threat when he displayed the knife. In this case, we have no such verbal threats. Accordingly, *Rogers* is distinguishable.

Appellant did not stab or attempt to stab the Voights with the screwdriver. There is no evidence of the sharpness, length, or width of the screwdriver's shaft. There is no lay or expert testimony that the screwdriver appellant actually used or one sufficiently similar to it could cause death or serious bodily injury. There is no evidence showing the instrument appellant used was capable of cutting through anything. *Cf. Revell v. State,* 885 S.W.2d 206, 210 (Tex.App.—Dallas 1994, pet. ref'd) (evidence showing knife cut skin); *Thomas,* 875 S.W.2d at 778 (evidence showing screwdriver cut telephone cord); *Herbert v. State,* 631 S.W.2d 585, 587 (Tex. App.—El Paso 1982, no pet.) (evidence showing knife cut orange); *Madden,* 628 S.W.2d at 162 (evidence showing screwdriver put hole in undershirt). Appellant did not verbally threaten to inflict serious bodily injury or death. Nor did Arnold or Mildred Voight testify they were afraid appellant would cause them *serious* bodily injury or death. *See Blain,* 647 S.W.2d at 294. Therefore, we conclude the evidence is insufficient to show the screwdriver appellant used was a deadly weapon. Consequently, the evidence is insufficient to support appellant's conviction for aggravated robbery. We sustain appellant's third point of error.

---

1. The dissent states that Arnold Voight testified the jury aid was a "replica" of the screwdriver appellant used. Although Arnold did use the term "replica," it is clear from the statement of facts that Arnold used this term to show only that the jury aid was not the weapon appellant actually used.

In appellant's first point of error, he contends there is a fatal variance between the allegations in the indictment and the proof offered at trial. Specifically, he complains of a variance in the deadly weapon allegation. Because we have concluded the evidence is insufficient to show appellant used a deadly weapon, we need not reach this point of error. *See* Tex.R.App.P. 90(a).

██ Robbery is a lesser included offense of aggravated robbery. By finding appellant guilty of aggravated robbery, the jury necessarily found appellant guilty of robbery. We have overruled appellant's challenges to the sufficiency of the evidence to support a robbery conviction. We conclude the evidence is sufficient to support appellant's guilt of the lesser included offense of robbery. We reform the judgment to reflect conviction for the lesser included offense of robbery and to delete the deadly weapon finding. *See Lockett,* 874 S.W.2d at 817. We affirm appellant's conviction as reformed. We remand this cause for a new trial on punishment. *See id.*

DEVANY, J., dissents.

DEVANY, Justice, dissenting.

Appellant was convicted of aggravated robbery by a jury upon a finding that appellant used or exhibited a deadly weapon in the course of the robbery. The majority reforms the conviction to a lesser offense of robbery based upon its conclusion that the evidence was insufficient to show that the screwdriver used by the appellant during the robbery was a deadly weapon. The majority bases this conclusion on a jury aid that was admitted into evidence, to-wit: a screwdriver that one of the complainants purchased after the robbery "to show the color of the handle," but which was not identical to the one used by appellant during the robbery.

The husband-complainant testified that he heard his wife scream and, upon investigation, found appellant holding his wife against a wall with a screwdriver in appellant's hand in a threatening manner toward the wife. A struggle ensued between appellant and the husband. Then, appellant ran after the wife, threw her down, and kicked her.

The wife-complainant testified that she responded to a loud knock on the door by opening the door. Appellant pushed the wife into the apartment and up against a wall, pulled a screwdriver from his pocket, raised it toward her, and threatened her with it. She testified that she was very frightened at the point when appellant pulled the screwdriver from his pocket.

Both complainants testified that the jury aid was similar to the screwdriver that appellant used to threaten the wife.

The husband actually testified that the jury aid was a replica of the weapon used by appellant. The wife testified that the jury aid looked something like the weapon used. She further stated that the weapon used was about the size of the jury aid. She further testified that when appellant raised the weapon toward her, she thought he was going to hurt her.

Hence, the testimony was about a screwdriver that was actually used in the robbery, not the jury aid. The jury aid was nothing more than a description of the weapon used. The majority puts too much emphasis on the jury aid rather than the testimony about the weapon actually used.

After the complainants identified the jury aid as a replica of the actual weapon used, and as being the same size as the actual weapon used, the police investigator witness identified the jury aid as a screwdriver that could be a deadly weapon, could cause serious bodily injury, and could cause death. Since the jury aid was identified by the complainants as about the same size as the actual weapon, the jury had sufficient evidence before it to make a determination that a deadly weapon was used during the robbery.

Appellant complains in his third point of error that the evidence is insufficient to show the screwdriver was a deadly weapon. However, the evidence was about what appellant actually used during the robbery. The question is whether the testimony from each complainant, which corroborated the testimony of the other, was sufficient in and of itself to constitute the existence of the use of a screwdriver as a deadly weapon during the robbery. With the evidence that was presented

to the jury, it is not within the province of this Court to second guess the jury's finding.

I would overrule appellant's third point of error in which he complains that the evidence was insufficient to support the conviction of aggravated robbery.

I would address appellant's first point of error as to his claim that there was a fatal variance between the allegations in the indictment and the proof offered at trial.