Larry Bryant HENDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00087–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 23, 1998.

Barbara A. Ford, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before ANDERSON, FOWLER and HILL, JJ.

## OPINION

HILL,[1] Justice.

Larry Bryant Henderson appeals his conviction by a jury of aggravated robbery and the jury's deadly weapon finding. The court, finding an enhancement paragraph to be true, assessed his punishment at thirty-five years in the Texas Department of Criminal Justice, Institutional Division. In a single point of error, Henderson asserts that the evidence is insufficient to support the jury's finding that he used or exhibited a deadly weapon.

We affirm. We find the evidence is sufficient to support the conviction because a rational jury could have determined that the screwdriver Henderson used in the robbery was a deadly weapon.

■ Although the jury made a special finding that Henderson used or exhibited a deadly weapon in the commission of the crime, use or exhibition of a deadly weapon is also an element of aggravated robbery, the offense Henderson was accused of committing. We must determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Moreno v.*

*State,* 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

Henderson only questions whether the evidence was sufficient to show that he used or exhibited a deadly weapon. The penal code definition of the term "deadly weapon" includes "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(17)(B) (Vernon 1994).

### BACKGROUND

Henderson approached Rodolfo Gonzales with the intention of stealing his car. After Gonzales gave Henderson the car keys, Henderson demanded money. Gonzales testified that when he began to fight back, Henderson brandished the screwdriver he had concealed against his leg and began making threatening motions toward Gonzales. Frightened that Henderson might kill him with the screwdriver, Gonzales testified that he gave his assailant about 20 or 25 dollars. He further stated that the shaft of a state's exhibit was similar in color, length, and size to the screwdriver he was threatened with. That screwdriver was displayed before the jury, but was not admitted into evidence, and is not before us for the purpose of review.

The officer who arrested Henderson identified the previously discussed state's exhibit as the screwdriver that was lying in the front seat of the stolen vehicle. A homicide detective later testified that the metal part of the same state's exhibit could be used to kill.

In the written statement Henderson gave to the police, he admitted that he held the screwdriver in his hand behind his leg, but claimed he only pointed it at the ground. While he admitted that he showed the screwdriver to Gonzales, he denied pointing the screwdriver at Gonzales or striking him with it. Henderson, however, did concede that, after he showed the screwdriver to Gonzales, he followed his every order.

### ANALYSIS

■ We find from the evidence that a rational trier of fact could find the screwdriver Henderson used to be a deadly weapon.

---

1. The Honorable John Hill sitting by assignment.

*See Thomas v. State,* 875 S.W.2d 774, 778 (Tex.App.—Beaumont 1994, pet. ref'd). *See also Hatchett v. State,* 930 S.W.2d 844, 847 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd).

In arguing his case, Henderson relies on the opinion in *Mosley v. State,* 545 S.W.2d 144 (Tex.Crim.App.1977). In *Mosley,* the defendant pointed an unloaded B.B. gun at his victim. *Mosley,* 545 S.W.2d at 145. There, an expert testified that an unloaded BB gun was not a firearm. *See id.* Noting that the defendant did not point the pistol toward the victim's face nor threaten to use the pistol as a bludgeon, the court of criminal appeals concluded that the B.B. gun, as used, was not calculated to produce death or serious bodily injury. *See id.* at 146. We believe that the court's conclusion turned upon the fact that an unloaded B.B. gun would not likely be used to cause death or serious bodily injury. In this case, however, an expert witness testified that a screwdriver, similar to the one used by Henderson, could kill.

Although Henderson did not cite them, we note two relatively recent cases in which our sister courts found evidence insufficient to support a finding that a screwdriver was a deadly weapon. *See Hester v. State,* 909 S.W.2d 174 (Tex.App.—Dallas 1995, no pet.), and *Lucero v. State,* 915 S.W.2d 612 (Tex. App.—El Paso 1996, pet. ref'd). We find both cases to be distinguishable.

In *Hester,* the defendant held a screwdriver in his hand while committing a robbery. *See Hester,* 909 S.W.2d at 176. In holding that the evidence was insufficient to support a finding that the screwdriver was a deadly weapon, the Dallas court noted that the record contained no evidence of the sharpness, length or width of the screwdriver's shaft, nor was there any lay or expert testimony that a screwdriver similar to the one the defendant used could cause death or serious bodily injury. *See id.* at 180. Here, the jury viewed a screwdriver that was the same or similar to the one used by Henderson in the robbery. Further, the State presented a witness who testified that the screwdriver could be used to cause death.

In *Lucero,* the victim never fully saw the screwdriver in question until after the rob-

bery. *See Lucero,* 915 S.W.2d at 613–14. There, the court noted that expert testimony establishing a screwdriver is a deadly weapon will ordinarily support such a finding. *See id.* at 615. In that case, however, the expert premised his opinion on the condition that the screwdriver was being held against the victim's body. The evidence in *Lucero* did not establish that the defendant held the screwdriver against his victim. *See id.* Here, the expert's opinion was not so conditioned. We overrule Henderson's sole point of error and affirm the judgment.