TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00258-CR







David Estrada Salas, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF KARNES COUNTY, 81ST JUDICIAL DISTRICT


NO. 97-12-00157-crk, HONORABLE STELLA SAXON, JUDGE PRESIDING








 A jury found appellant David Salas guilty of aggravated assault with a deadly
weapon and assessed punishment, enhanced by previous convictions, at 55 years in prison. See
Tex. Penal Code Ann. § 22.02 (Tex. 1994). Appellant raises two issues contending that the
evidence is insufficient to support the conviction and the trial court erred by refusing to allow as
evidence a prior written statement for impeachment purposes. We will affirm the conviction.


Facts


 On the evening of September 28, 1997, the complainant, Louis Morin, and several
of his relatives went to the Playmor Bar located in Kenedy, Texas. A group of friends were
sitting at a table with Morin when appellant, whom Morin did not know, approached the group
and sat down at the table next to Morin. Morin had not seen or spoken to appellant before he
came over and sat down at the table and no one in the group had invited appellant to join them.

 When appellant began to argue with a member of Morin's group at the table, Morin
stood up to get out of their way. Shortly after he stood up, Morin saw appellant open a knife and
felt it slice into his face. Others at the table saw appellant cut Morin. The wound to Morin's face
extended from the left corner of his mouth to his left temple. Morin picked up a chair to defend
himself and the bar erupted into a large fight. Appellant was arrested. Although the arresting
officer found a knife on appellant's person, it did not match the description of the weapon used
to cut Morin; the blade was dull and did not have any blood on it.


Sufficiency of the Evidence


 In his first issue, appellant challenges the sufficiency of the evidence to support his
conviction for aggravated assault. Particularly, appellant urges that the evidence is insufficient
to show that (1) he exhibited a knife and (2) the knife was a deadly weapon. (1)

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The jury
is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony,
and may accept or reject all or any part of the evidence. Flanagan v. State, 675 S.W.2d 734, 736
(Tex. Crim. App. 1984); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). Reconciliation
of evidentiary conflicts is solely a function of the trier of fact. Miller v. State, 909 S.W.2d 586,
593 (Tex. App.--Austin 1995, no pet.) (citing Bowden v. State, 628 S.W.2d 782, 787 (Tex. Crim.
App. 1982)). The jury may draw reasonable inferences and make reasonable deductions from the
evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet.
ref'd).

 A person commits aggravated assault if the person commits an assault and uses or
exhibits a deadly weapon while committing the assault. See Tex. Penal Code Ann. §§ 22.01,
22.02(a)(2) (West 1994). A deadly weapon is "anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury." Id. § 1.07(17)(B).

 We first address appellant's contention that the evidence was insufficient to show
that he used a knife during the assault. (2) The State was not required to produce as evidence the
actual knife used in the assault provided a witness testified about the knife and the manner in
which it was used. See Jackson v. State, 913 S.W.2d 695, 698 (Tex. App.--Texarkana 1995, no
pet.); Kent v. State, 879 S.W.2d 80, 83 (Tex. App.--Houston [14th Dist.] 1994, no pet.). In this
instance, several people testified that they saw appellant with the knife that cut Morin. Louis
Morin testified that he saw appellant take the knife out and open it. He described the knife as
having a black handle and a very sharp two-inch silver blade. In fact the blade was so sharp that
when appellant cut him he did not feel the slice. Soon after, however, the cut felt like "pieces of
meat just on the side, both sides, and the blood was gushing." We hold that a rational jury could
have found that appellant used a knife when committing the assault.

 Second, we address appellant's contention that the evidence is insufficient to
support a finding that the knife was a deadly weapon. A knife is not a deadly weapon per se; that
is, it is not "manifestly designed, made or adapted for the purpose of inflicting death or serious
bodily injury." Lockett v. State, 874 S.W.2d 810, 814 (Tex. App.--Dallas 1994, pet. ref'd). In
determining whether a knife was used as a deadly weapon, a reviewing court considers the facts
of each case individually. See Hester v. State, 909 S.W.2d 174, 179 (Tex. App.--Dallas 1995, no
pet.). The reviewing court may consider the witnesses' description of the knife including the
length of the blade as well as its shape and sharpness. Id.; Thomas v. State, 875 S.W.2d 774, 778
(Tex. App.--Beaumont 1994, pet. ref'd); Lockett, 874 S.W.2d at 814. Additionally, the reviewing
court may consider the manner in which the knife was used or its intended use, its capacity to
cause serious bodily injury or death, the distance between appellant and the victim, and any verbal
threats made by appellant. Hester, 909 S.W.2d at 179.

 Morin testified that appellant cut him with the knife along his left cheek from his
mouth to his temple. Denny Martin, a member of Morin's group, saw the knife and believed
appellant had the ability to come over and kill him. Kenedy Police Officer Irvin Snell testified
without objection that, based upon his knowledge, experience and the facts of this case, the knife
appellant used to cut Morin was a deadly weapon. A rational jury could have found that the knife,
in the manner of its use or intended use, was capable of causing serious bodily injury. We
overrule appellant's first issue.


Prior Written Statement


 In his second issue, appellant contends that the trial court erred by denying his
request that Sandra Gonzales's entire prior written statement be included as evidence.

 Gonzales, Morin's sister, testified that she saw Morin and then appellant stand up
from the table. Appellant then put his arm back and brought it down. Immediately, she looked
at Morin and saw that he was bleeding. Gonzales did not see appellant with a knife but she did
see his movements. During cross-examination, the defense asked the trial court to admit into
evidence her prior written statement. The State objected that the defense had not established the
proper impeachment predicate for admission of the statement. The defense continued questioning
Gonzales by reading the following sentence from her written statement, "I did not see [appellant]
cut my brother." The defense suggested that Gonzales was now testifying about something
different than what she said in her prior written statement. Once again, the defense asked the
court to admit the entire written statement, the State objected and the court sustained the objection. 
The defense then asked Gonzales if the statement she made in court was different from the written
statement she made the night of the incident. The defense attorney stated, "You're saying now
that you saw [appellant] with a knife." Gonzales responded, "No, I did not say that I saw him
with a knife. I did not see a knife. I just saw him go like that. I did not see a knife." Once
again, the defense attorney asked Gonzales if this statement was different from the statement she
made the night of the incident to which she responded, "I guess, if it says there."

 Texas Rule of Evidence 613 requires that in examining a witness about a prior
inconsistent statement, the witness must be told the contents of the statement, and the time and
place and the person to whom it was made, and must be afforded an opportunity to explain or
deny the statement. See McGary v. State, 750 S.W.2d 782, 786 (Tex. Crim. App. 1988); Tex.
R. Evid. 613. If the witness unequivocally admits having made a prior inconsistent statement then
the extrinsic written statement is inadmissible. McGary, 750 S.W.2d at 786. Under these
circumstances, the witness will have performed the act of impeachment on his own and there is
no need to use the prior statement for impeachment purposes. Id.

 Gonzales admitted that she made the former statement which was arguably different
from her in-court statement. (3) Gonzales impeached her own testimony and there was no need to
introduce her prior written statement. The trial court did not err by denying appellant's request
to admit Gonzales's prior statement. We overrule appellant's second issue.


Conclusion


 We affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: February 3, 2000

Do Not Publish

1.   Appellant also contends that the evidence was insufficient to support a finding that the
injuries Morin sustained were severe enough to be considered serious bodily injury. Appellant
was indicted and the jury was charged that appellant used a "deadly weapon, to-wit: a knife, that
in the manner of its use and intended use was capable of causing death and serious bodily injury,
and did then and there cause bodily injury to Louis Morin, by cutting him with said knife." 
(Emphasis added.) The second paragraph of the indictment alleged that appellant used a knife that
caused Morin serious bodily injury. When the jury was charged, however, the State abandoned
the second paragraph. Because the jury was not asked to determine whether Morin sustained a
serious bodily injury, it is unnecessary for us to determine whether sufficient evidence existed to
support such a finding. 
2.   Although appellant argues that the evidence was insufficient to show he exhibited a knife,
we note that appellant was indicted and the jury was charged to find appellant guilty of aggravated
assault if they determined that appellant used a knife. Rather than determining whether appellant
exhibited a knife, we will review the record and determine whether sufficient evidence exists to
support a finding that appellant used a knife. 
3.   The in-court and out-of-court statements are not necessarily inconsistent. Gonzales testified
that she never saw a knife in appellant's hands but described appellant's quick movements
followed by her brother being cut. Consequently, there was nothing to impeach. 


 the statement. The defense continued questioning
Gonzales by r