Affirmed and Memorandum Opinion filed April 1, 2004









Affirmed and Memorandum Opinion filed April 1, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00362-CR

NO. 14-03-00492-CR

____________

 

JUAN ALBERTO
DELEON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause Nos. 01CR1711
& 01CR1712

 



 

M E M O R A N D U M   O P I N I O N

The jury convicted appellant for
aggravated robbery and the trial court assessed punishment at forty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In a single point of error, appellant
contends the evidence identifying him as the robber was factually
insufficient.  We affirm.

 

 








FACTUAL BACKGROUND

On September 12, 2001, Barbara and J.D. Shrum
spent the night at a rental beach house on Bolivar Peninsula.  Around 8:00 p.m., they went walking on the
beach.  About a mile from the beach
house, a car stopped near them.  A man
carrying a shotgun got out of the car and demanded money and jewelry from the
Shrums.  They ran away to the nearest
lighted beach house and called the police.

Two Sheriff=s deputies
responded to the call.  They took reports
from the Shrums, and one of the deputies drove the Shrums back to their rented
beach house.

That same evening, the Galveston Police
Department received a disturbance call regarding four men on the Bolivar
ferry.  Two officers responded to the
call and took the four men into custody, handcuffed them, and placed them in a
police car.  While the men were being
handcuffed, one of them threw some shotgun shells into the water.  One of the officers found a shotgun inside
the car occupied by the men.

Five or ten minutes after the Shrums had
been returned to their rented beach house, a Sheriff=s deputy returned
and informed them he believed the man who accosted them had been arrested on
the ferry.  The Shrums were taken to
where the men were being held and J.D. identified appellant as the man with the
shotgun. 

ANALYSIS

In a single point of error, appellant
contends the evidence identifying him as the robber was factually
insufficient.  Appellant argues that poor
viewing conditions on the night of the offense rendered the indentification
unreliable and that there were inconsistencies between the Shrums= initial
description of the robber and appellant=s appearance.[1]








In reviewing factual sufficiency, we look
at all of the evidence in a neutral light, and will reverse a conviction only
if the evidence supporting guilt is so obviously weak as to render the
conviction clearly wrong and manifestly unjust, or if that evidence, although
adequate when taken alone, is so greatly outweighed by the overwhelming weight
of contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002). 
Thus, we must determine Awhether a neutral
review of all of the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the
jury=s determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.@  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Swearingen
v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).

The fact finder is the sole judge of the
weight and credibility of witness testimony, and a reviewing court may not
substantially intrude on that role.  Jones
v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Contradictions in a witness=s testimony do not
render the evidence insufficient, but affect its weight and credibility.  Losada v. State, 721 S.W.2d 305, 309
(Tex. Crim. App. 1986);  Landers v.
State, 110 S.W.3d 617, 621 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  Positive in‑court
identification of a defendant by victims of a robbery is to be given great
weight.  Jones v. State, 687
S.W.2d 430, 432 (Tex. App.CHouston [14th
Dist.] 1985, no pet.); see also Haywood v. State, 507 S.W.2d 756,
758 (Tex. Crim. App. 1974).  The jury may
choose to believe or disbelieve any portion of a witness=s testimony.  Losada, 721 S.W.2d at 309; Landers,
110 S.W.3d at 621.








Appellant first argues that, because of
poor viewing conditions, evidence identifying him as the robber was so weak as
to make the conviction clearly wrong and manifestly unjust.  In support of his position, appellant cites
testimony by Barbara that (1) the beach was intermittently dark, (2) the glare
from the car=s headlights impaired their vision when it
approached, and (3) J.D. and the robber were initially fifteen to sixteen feet
apart.  J.D. did not testify as to the
lighting conditions.  The evidence
indicates, however, that J.D. walked to within six feet of the robber and spoke
with him, while Barbara walked away from the robber.  The jury=s determination
that J.D. was able to see the robber clearly enough to later identify him was
not clearly wrong or manifestly unjust. 

Appellant also argues that contrary
evidence greatly outweighs the evidence that appellant was the robber.  In support of his position, appellant cites
evidence that (1) the Shrums reported that only one man was with the robber,
but three men were arrested with appellant, (2) the Shrums identified the car
as having two doors, but the car on the ferry had four doors, (3) Barbara
testified the rear license plate of the robber=s car was missing
or not lit, but the rear license plate of the car on the ferry was clearly
visible, (4) J.D. reported the robber wore dark shorts, but appellant was
wearing pants when arrested, (5) J.D. reported the robber as being
clean-shaven, but appellant had a beard and mustache when arrested, (6) J.D.
did not report a gold earring appellant was wearing when arrested, (7) J.D. reported the weapon used
by the robber was possibly a pump-action shotgun, but the shotgun retrieved was
a single-shot shotgun, and (8) J.D. testified the robber had longer hair than appellant
did at trial, but appellant had short hair when arrested. 








Offsetting this evidence, there is
evidence supporting the verdict that (1) although Barbara testified that
she  only saw two men in the car, she did
not testify that there could not have been others, and as noted above, her view
of the robbery was limited, (2) both J.D. and Barbara testified that the car on
the ferry matched the one they saw on the beach, (3) the officer who took the
photograph of the car in the record testified that the license plate was
illuminated by the flash on his camera, (4) J.D. correctly identified the
light-colored tank top appellant was wearing, (5) although the booking
photograph of appellant clearly shows that he has a beard and mustache, neither
is very full, (6) the earring appellant was wearing in the booking photograph
appears to be a simple gold hoop and is not prominent, (7) J.D. correctly
described the shotgun as being a single-shot and only said that it was Apossibly a pump,@ and he identified
it in court, and (8) although the booking photograph of appellant shows that
his hair is not Along,@ it is conceivable
that it could have been considerably shorter at trial. 

It was the function of the jury to
consider the conflicting evidence, and we cannot say that any inconsistencies
greatly outweigh J.D.=s unwavering identification of appellant
both on the night of the offense and at trial. 
See, e.g., Hester v. State, 909 S.W.2d 174, 178 (Tex. App.CDallas 1995, no
pet.) (victims failured to notice defendant=s scar and missing
tooth); Escovedo v. State, 902 S.W.2d 109, 115 (Tex. App.CHouston [1st
Dist.] 1995, pet. ref=d) (victim=s testimony
regarding location of tattoo was inconsistent); Lucious v. State, 828
S.W.2d 118, 122 (Tex. App.CHouston [14th
Dist.] 1992, no pet.) (defendant was arrested wearing different clothes than
described); Rodgers v. State, 827 S.W.2d 376, 378 (Tex. App.CCorpus Christi
1992, no pet.) (defendant, who had a mustache, was described as not having a
mustache); Revis v. State, 714 S.W.2d 123, 124 (Tex. App.CHouston [1st
Dist.] 1986, no pet.) (clear discrepency between defendant=s appearance and
description given to police).  Appellant=s point of error
is overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed April 1, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Although
appellant also contends in his brief that the pre-trial identification
procedure was impermissibly suggestive, he did not object to admission of the
pre-trial identification or the in-trial identification.  He thus waived any complaint on appeal that
the in-court identification had been tainted by the pre-trial
identification.  See In re
G.A.T., 16 S.W.3d 818, 825B26 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).