COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

DOMINGO PAREDEZ §

Appellant, §

v. §

THE STATE OF TEXAS §

Appellee. §

§

No. 08-08-00031-CR

Appeal from the

204th Judicial District Court

of Dallas County, Texas

(TC# F-03-57092-Q)

**O P I N IO N**

This is an appeal from a conviction for aggravated assault of a public servant with a deadly weapon. A jury found Appellant guilty of first degree felony for aggravated assault against a public servant, and the trial judge sentenced him to 15 years' confinement. On appeal, Appellant challenges the legal and factual sufficiency of the evidence supporting the conviction.

On October 30, 2003, Dallas Police Officers Yzaguirre and Johse responded to a call about a man with a knife in the 7500 block of Gayglen Drive in Dallas. They found Appellant with blood on his shirt and one of his wrists. When Officer Yzaguirre asked him if he was okay, Appellant pulled a razor blade out of his pocket and put it against his own throat. The officers first backed away, then Officer Johse sprayed Appellant with mace without effect. The officers tried to maintain a safe, reactionary distance of about twenty feet between themselves and the Appellant. Appellant charged at the officers, yelling at them to kill him. The officers drew their weapons. Appellant then turned and fled. Officer Johse chased Appellant on foot, and Officer Yzaguirre pursued in a squad car. When the officers lost track of him, they called for assistance.

Other officers arrived to assist Officers Johse and Yzaguirre and eventually found Appellant after a pursuit. Appellant was very irate. He told the officers: "[Y]'all are going to have to kill me; I'm going to kill you." He smashed a chair, waived a piece of the broken chair and a large stick back and forth as he yelled at the police, and threw a piece of the chair at the officers.

The collection of police officers surrounded the Appellant and tried to maintain a reactionary distance. Appellant ignored continued commands to drop his weapons and get on the ground, but continued to yell and swing a stick all the while holding the razor blade to his neck. When Appellant lunged at Officer Howard, another officer shot and wounded Appellant. The officers were then able to handcuff him on the ground.

Appellant was charged with aggravated assault of a public servant, and he pled not guilty to the charge. The jury found him guilty as charged in the indictment. In December 2007, the trial court sentenced him to fifteen years' confinement. Appellant then filed a motion for new trial and a notice of appeal challenging his conviction based on legal and factual sufficiency.

Appellant raises four issues on appeal and contends the trial court erred in entering his conviction because the evidence is both legally and factually insufficient.

In a legal sufficiency review, we must consider all of the evidence in a light most favorable to the verdict, and determine whether a reasonable minded juror could have found the essential elements were proven beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must give deference to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61

L.Ed.2d 560 (1979). As the fact finder, the jury has the right to accept or reject all or any part of the evidence presented by either side. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). The reviewing court may not reevaluate the weight and credibility of the evidence, nor may we substitute our own judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we view all evidence neutrally to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *See Whipple v. State*, 281 S.W.3d 482, 495 (Tex.App.--El Paso 2008, pet. ref'd). A court finds evidence to be factually insufficient in two ways: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all evidence, the contrary evidence is so strong that the prosecution cannot prove defendant's guilt beyond a reasonable doubt. *See Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Our review should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). We may only reverse a judgment for factual insufficiency if it is necessary to do so to "prevent manifest injustice." *See Laster v. State*, 275 S.W.3d 512, 518 (Tex.Crim.App. 2009).

In Issues One and Two, Appellant argues the evidence is legally and factually insufficient to prove that he threatened Officer Howard with imminent bodily injury. First, he contends the

evidence is legally insufficient because he never intended to cause bodily injury to Officer Howard, and that instead he intended to cause the officers to shoot him. He argues his testimony that he was ten feet away from the officers establishes that it was physically impossible for him to cause any bodily injury to Officer Howard.

A person commits assault if he intentionally or knowingly threatens another with imminent bodily injury. TEX.PENAL CODE ANN. § 22.01(a)(2)(Vernon Supp. 2009). The statute elevates simple assault to aggravated assault when the person "uses or exhibits a deadly weapon during the commission of the assault." *Id*. at § 22.02(a)(2). When a person commits aggravated assault against a person he knows is a public servant while the public servant is lawfully discharging an official duty, the offense is a first degree felony. *Id*. at § 22.02(b)(2)(B).

The Penal Code provides that "[a] person acts intentionally . . . with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX.PENAL CODE ANN. § 6.03(a)(Vernon 2003). Moreover, "[a] person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id*. at § 6.03(b). Finally, "[a] person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id*. A defendant's intent or knowledge is a question of fact, which is determined from the totality of the circumstances. *See Smith v. State*, 965 S.W.2d 509, 518 (Tex.Crim.App. 1998); *Dobbins v. State*, 228 S.W.3d 761, 764 (Tex.App.--Houston [14th Dist.] 2007, pet. dism'd). The State can prove a defendant's knowledge or intent without evidence of threatening language or gestures, and the jury may infer the existence of either mental state from

any facts tending to prove it existence, including the defendant's acts, words, and conduct. *Dobbins*, 228 S.W.3d at 765.

The Court of Criminal Appeals has defined "threaten" to mean "a menacing indication of (something dangerous, evil, etc.)." *Olivas v. State*, 203 S.W.3d 341, 345 (Tex.Crim.App. 2006). A person commits a threatening conduct when he causes fear in another, creates an unacceptable risk that another may be placed in fear, or increases the likelihood that he will carry through on a threat and cause a physical injury. *Id*. at 347. The Court of Criminal Appeals has defined "imminent" to mean "near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *Devine v. State*, 786 S.W.2d 268, 270 (Tex.Crim.App. 1989).

The testimonies of several witnesses at trial show that Appellant held the razor blade up to his throat and had a stick in his hand when the officers arrived, and that as Appellant waved the stick, he lunged forward in the direction of Officer Howard and the other officers. Officer Howard testified the way Appellant used the stick and the razor blade placed him in fear of imminent bodily injury and fear of death. Appellant told the officers to kill him, and that if they did not kill him, he would kill them. Viewing the evidence in the light most favorable to the verdict, a reasonable minded juror could have found Appellant intended to threaten Officer Howard with imminent bodily injury. *See Hooper*, 214 S.W.3d at 13. As such, the evidence was legally sufficient to establish that Appellant intended to threaten the officer with imminent bodily injury.

Again, at trial, Officer Howard testified that Appellant's conduct in handling the razor blade and the stick placed him in fear of imminent bodily injury and fear of death. Based on this

testimony and the testimony that Appellant told the officers to kill him or he would kill them while swinging his stick in an aggressive manner, the jury could infer Appellant had the intent to cause a reasonable apprehension of imminent bodily injury to Officer Howard. Officer Evenden testified that a person can cover twenty-one feet in one and a half seconds. Because Appellant was less than twenty-one feet from Officer Howard and the other officers at various points, the record does not support Appellant's argument that an actual assault was physically impossible. As such, the evidence is factually sufficient to establish that Appellant intended to threaten Officer Howard with imminent bodily injury. Issues One and Two are overruled.

In Issues Three and Four, Appellant argues the evidence is legally and factually insufficient to prove that he used or exhibited a deadly weapon. He contends the evidence is insufficient to show that the razor blade was a deadly weapon because it was not sharp enough to do any serious damage.

The Penal Code provides that a "deadly weapon" means "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE ANN. § 1.07(a)(17)(Vernon Supp. 2009). In determining if an item is considered a deadly weapon, a court considers the following relevant factors: (1) the size, shape, and sharpness of the weapon; (2) the manner in which the defendant used the weapon; (3) the nature or existence of inflicted wounds; (4) testimony of the weapon's life-threatening capabilities; (5) the physical proximity between the victim and the weapon; and (6) the words spoken by the defendant. *See Thomas v. State*, 821 S.W.2d 616, 619 (Tex.Crim.App. 1991); *Lowe v. State*, 211 S.W.3d 821, 828 (Tex.App.--Texarkana 2006, pet. ref'd). An appellate court

reviews the facts to determine if a rational trier of fact could have concluded from the surrounding circumstances that an item was used as a deadly weapon. *Hester v. State*, 909 S.W.2d 174, 179 (Tex.App.--Dallas 1995, no pet.).

Neither a razor blade nor a stick is "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." *See* TEX.PENAL CODE ANN. § 1.07(a)(17)(A). Evidence at trial shows that the razor blade was a small blade for roofing with hooks on the ends, and the cutting edges of the razor was inside the hooks. The blade was designed to cut through shingles. In his deposition, Appellant stated that he was unable to commit suicide using such a blade, but the officers testified that it could be used as a deadly weapon. During the incident, Appellant told the officers, "Kill me or I'll kill you," as he held the razor blade. The officers also observed self-inflicted wounds on Appellant that resulted from the razor.

The officers testified that the stick Appellant used was four feet long and one inch in diameter. Appellant was not close enough to any officer to actually hit them with the stick at the time of the incident. However, Appellant held the stick aggressively and lunged forward toward the officers, and Officer Evenden testified that a person can cover twenty-one feet in one and a half seconds. The officers testified that the stick could be used to cause serious bodily injury or death. Appellant also testified that he wanted to use the stick to incite the officers so that they would shoot him.

Viewing the evidence in the light most favorable to the verdict, a reasonable minded juror could have found the razor blade and the stick to constitute deadly weapons because they were capable of causing death or serious bodily injury. *See Hooper*, 214 S.W.3d at 13. As such, the

evidence was legally sufficient to show Appellant used or exhibited a deadly weapon.

Viewing the evidence neutrally, we determine that the jury was rationally justified in finding that the razor blade and the stick were deadly weapons. As such, the evidence was factually sufficient to show Appellant used or exhibited a deadly weapon. Accordingly, we overrule Issues Three and Four.

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.


March 31, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)