**Denny CALVIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53829.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 13, 1978.

Neal Wheeler, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler and Greg Davis, Asst. Dist. Attys., Dallas, for the State.

DOUGLAS, Judge, concurring in part and dissenting in part.

The opinion adopted by the majority reaches the right result, but it should be published. This cause should be affirmed because a 12-inch blade knife as used in this case to cut another in the stomach is a deadly weapon as defined in V.T.C.A., Penal Code, Section 1.07(a)(11)(B), which defines a deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

The majority refuses to publish the opinion so that it can be compared by everyone with *Harris v. State,* 562 S.W.2d 463 (Tex.Cr.App.1978). In that case the defendant, during a robbery, stated that he had a knife and made a slashing motion at another's throat. An officer saw the slashing movement. The injured party in that case was cut on his throat and suffered other injuries from the knife. Harris was arrested shortly thereafter with a four-inch blade knife in his pocket. The majority reversed because there was no proof offered that the weapon could produce serious bodily injury or death. In *Harris,* the Court should not have required proof that a four-inch blade knife used to slash at a throat was a deadly weapon. Is it not more dangerous for one to slash at and cut another's throat with a four-inch blade knife than to cut into one's stomach with a twelve-inch blade knife? Which is more likely to produce death? An average size neck is about four or five inches in diameter. It does not take a doctor to know that a cut or stab less than an inch deep in the neck is capable of producing death.

There was no testimony in the present case that the knife used to cut into the stomach was capable of producing serious bodily injury or death. No such proof should be required in either case. There was no testimony in the present case that serious bodily injury was caused.

The majority apparently takes judicial notice of serious bodily injury, but not that

a twelve-inch blade knife used to cut into another's stomach is capable of producing serious bodily injury. To be consistent with the *Harris* case the majority should hold that proof should be required to show that the cut to the stomach caused serious bodily injury. It should not take judicial notice that an injury is serious and not take judicial notice that slashing at one's throat in a robbery attempt with a four-inch blade knife is capable of producing serious bodily injury. If the cut in the stomach in the present case is a serious bodily injury by common knowledge to the majority, why cannot common knowledge be applied in situations like the *Harris* case, that one can cause serious bodily injury or death by slashing another's throat with a knife?

The majority should explain why it takes judicial notice of one thing that is common knowledge and not another.

The *Harris* case and *Danzig v. State*, 546 S.W.2d 299 (Tex.Cr.App.1977), should be overruled.

This cause was submitted to the jury on the theory alleged in the indictment that appellant exhibited a deadly weapon, a knife to commit robbery. It was not submitted on the theory that he caused bodily injury.

VOLLERS, J., concurs in this opinion.