Jimmy CRUZ, Appellant,

v.

The STATE of Texas, Appellee.

Jorge Louis MORALES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 54873, 54874.

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 1979.

Rehearing En Banc Denied Feb. 28, 1979 for Docket # 54873.

Ted Potter, Belton, for appellants.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, for the State.

## OPINION

DOUGLAS, Judge.

Appellants entered pleas of guilty before the court to the offense of aggravated robbery. Punishment for each was assessed at eight years.

The appellants contend that there was no proof that a three and one-half to four-inch blade pocket knife used to cut a woman in the throat and in the chest and on the hand during a robbery was capable of producing death or serious bodily injury.

The evidence shows that both appellants, who had been drinking liquor and using marihuana, went into a U-Tot-Em Store, took a knife with a three and one-half to four-inch blade and demanded the money from the operator, Katie Allen. Cruz had his left arm around her neck and kept saying, "Let me have it." She testified that she was afraid that they were going to kill her. He cut her in the neck and the chest and on her hand with the knife. The cash drawer was open and she told him to take the money. They took the cash from the register. When asked on cross-examination if it was a scratch, she testified that it was not a scratch, but that the knife went in and out. The wounds shown in the photographs appear to have been made by stabbing. The knife was capable of inflicting serious bodily injury or death, especially when she sustained cuts in the neck and in the chest. It was, therefore, a deadly weapon under V.T.C.A., Penal Code, Section 1.07(a)(11), which provides that a deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

Recently, in *Denham v. State*, 574 S.W.2d 129 (1978), this Court overruled *Danzig v. State*, 546 S.W.2d 299 (Tex.Cr.App.1977), and *Harris v. State*, 562 S.W.2d 463 (Tex.Cr. App.1978), in part. In the *Denham* case, the Court held that there did not have to be wounds before a knife can be determined to be a deadly weapon. It also held that wounds may be considered in determining if a knife is a deadly weapon. In that case the prosecuting witness in an aggravated assault case testified that he thought the knife was a deadly weapon.

The Court wrote:

" . . . Surely one who observes and receives a wound from a butcher knife is capable of testifying that the knife is a deadly weapon capable of causing death or serious bodily injury. We decline to hold that further testimony is needed to justify the jury in finding such knife to be a deadly weapon. This is common knowledge that any lay witness is competent to testify to.

"In the case of *Acosta v. State*, 179 S.W. 870 (Tex.Cr.App.1915), this Court held:

" 'Appellant contends that a razor is not per se a deadly weapon. We are inclined to believe that all mankind know that death can be inflicted by a razor in the hands of a grown man.' "

In *Limuel v. State*, 568 S.W.2d 309 (Tex. Cr.App.1978), there was injury to a victim that required him to be hospitalized for an operation. This Court wrote:

"In the instant case while there was no medical testimony as to the nature of the wounds, and while the knife taken from appellant's possession was not introduced into evidence, we conclude the evidence sufficient to show the knife used to be a deadly weapon. The manner in which the knife was used and the wound inflicted were sufficient to bring the knife within the definition of the deadly weapon."

In the *Denham* case the complaining witness testified that the knife was a deadly

weapon. The witness in the present case knew just like any layman knows that stab wounds to the neck and chest can be deadly or cause serious bodily injury. She testified she thought that they would kill her.

This is a robbery case, not a case involving an assault to murder. Both appellants pled guilty to the offense of robbery by use of a deadly weapon. The appellant's intended for the woman in the store to believe that the knife was capable of producing serious bodily injury or death to obtain the money. The statute provides that a weapon is deadly if it is "capable of causing death or serious bodily injury." We hold that the evidence was a sufficient to show under the statute that the knife was such a weapon.

The judgments are affirmed.

ROBERTS and CLINTON, JJ., concur in the result.