**Willie HERBERT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00056–CR.**

Court of Appeals of Texas, El Paso.

March 31, 1982.

Edwards, Belk, Hunter & Kerr, J. Crawford Kerr, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., R. Bradford Stiles, Asst. Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

WARD, Justice.

This is an appeal from a conviction for aggravated assault. The jury assessed punishment at four years confinement in the Texas Department of Corrections. We affirm the conviction.

Appellant's sole ground of error challenges the sufficiency of the evidence that the instrument used in the assault was a deadly weapon.

Viewed in a light most favorable to the verdict, the evidence reflects that, during a domestic disturbance, the Appellant held a

knife to the throat of his common-law wife and expressly threatened to kill her. The knife did not actually cut the complainant or even come in contact with her skin. The knife was never introduced into evidence. The only description of the instrument was that it was a kitchen knife, which the complainant was using to slice an orange immediately before the assault.

Penal Code Section 1.07(a)(11) defines deadly weapon as anything manifestly designed, made or adapted for the purpose of inflicting serious bodily injury or death or anything which in the manner of its use or intended use is capable of causing death or serious bodily injury.

■ It is now well-established that knives are not deadly weapons per se. *Davidson v. State*, 602 S.W.2d 272 (Tex.Cr. App.1980); *Williams v. State*, 575 S.W.2d 30 (Tex.Cr.App.1979).

■ Such an assaultive instrument can be categorized as a deadly weapon only under the second definition in the Penal Code, cited above. This finding must be based upon evidence of the size and shape of the knife, its manner of use and its capacity to inflict death or serious bodily injury. *Davidson* at 273–274. Evidence of these factors is to be considered as a whole, and the jury may also consider any wounds inflicted and any words spoken by the assailant. *Williams*, supra; *Cruz v. State*, 576 S.W.2d 841 (Tex.Cr.App.1979).

Three recent cases lend some support to Appellant's challenge: *Davidson*, supra; *Alvarez v. State*, 566 S.W.2d 612 (Tex.Cr. App.1978); *Harris v. State*, 562 S.W.2d 463 (Tex.Cr.App.1978). In *Davidson*, a shoplifter threatened his pursuers, at a distance of six feet, with a three-inch-blade pocket knife. No injuries were inflicted. In *Alvarez*, the defendant advanced on a police officer with a sharp, hook-type, linoleum knife. At a distance of four feet, he swung at the officer. He was shot in the leg and again advanced a short distance before surrendering. The linoleum knife was never introduced into evidence. No evidence was offered as to its dimensions. No wounds were inflicted.

The Court of Criminal Appeals reversed both of the above cases, finding that the evidence of the manner of use of the weapons was insufficient to support their characterization as deadly weapons. The critical evidentiary factor in both cases was the distance between the actor and the complainant at the time of the assault. Brandishing a three-inch blade at a distance of six feet or a linoleum knife at a distance of four feet did not constitute a manner of use posing a sufficient threat of serious bodily injury or death to justify the verdict. From both a practical and legal standpoint, the effective range of the weapon is of primary consideration in categorizing an instrument as deadly. This, more than any other factor, has led to the different treatment of firearms and knives in making this determination.

The distance factor, alone, distinguishes *Davidson* and *Alvarez* from the present case, to the extent of producing a different result.

In *Harris*, the appellate court reversed an aggravated robbery conviction due to the sufficiency of the evidence that a deadly weapon was employed. An eyewitness observed the defendant make a slashing movement at the victim. The latter sustained a two to three-inch cut on his neck, a cut on his elbow, and another cut on his stomach. None of the injuries were serious. Neither the victim nor the eyewitness could see the instrument used. The State introduced a four-inch-blade pocket knife, found on the defendant's person at the time of his later arrest. *Harris* at 864. In precise terms, the opinion does not stand for the proposition that a four-inch-blade knife, slashed at a victim's throat and causing superficial injury, is not a deadly weapon. Rather, it is the insufficiency of the evidence that the knife introduced was the actual weapon and the insufficiency of any other descriptive evidence of the actual instrumentality which produced the reversal. *Hubbard v. State*, 579 S.W.2d 930, 931 (Tex. Cr.App.1979).

The evidence in this case which supports the jury's conclusion indicates that the knife was held to the victim's throat. Although it did not actually touch or cut the skin, it was certainly within sufficient proximity to inflict immediate injury. The knife's capacity to cause death or serious bodily injury is demonstrated by juxtaposing its physical characteristics with the area of the body threatened. The complainant testified that she had just been using the knife to slice an orange. The jury could infer that the knife was sharp enough to cut material as tough and as thick as an orange rind and long enough in blade to slice through an object equivalent in size to an orange. It does not require expert testimony to support a jury finding that such an instrument could inflict serious or even mortal injury to the throat of a human being. *Cruz* at 842–843, *Calvin v. State*, 577 S.W.2d 225 (Tex.Cr.App.1978); *Dominique v. State*, 598 S.W.2d 285, 286 (Tex.Cr.App.1980).

As in *Cruz* and *Dominique*, the Appellant's actions were accompanied by a specific threat to kill. This, too, lends probative support to the jury's determination on the issue of manner of use and intended use of the weapon.

We conclude that the testimony provides sufficient evidence of the physical properties of the knife, the manner of its use and the state of mind of the Appellant to justify the jury's conclusion. Ground of Error No. One is overruled.

The conviction is affirmed.