Harris v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-413-CR




JACK ANDREW HARRIS, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. CR91-0307-A, HONORABLE JOHN E. SUTTON, JUDGE



 




PER CURIAM


 A jury found appellant guilty of aggravated robbery and assessed punishment at
imprisonment for forty years. Tex. Penal Code Ann. § 29.03 (Supp. 1992). As the aggravating
element of the robbery, the State charged that appellant used or exhibited a deadly weapon. 
Appellant argues on appeal that the evidence was insufficient to prove that the knife he exhibited
was a deadly weapon. We will affirm the conviction.

 The robbery occurred on the evening of April 6, 1991, at a convenience store. The
complainant, David Olvera, testified that at about midnight two males walked up to the counter
where he asked if he could help them. One of the men told Olvera to give them all the money
from the register. Olvera, thinking he was joking, did nothing, and the man repeated himself. 
The second man, appellant, walked toward the side of the counter and stood next to Olvera. 
Appellant pulled out a folding knife and told Olvera to give him the money. Olvera stalled,
hoping someone would come in, and appellant told Olvera that if he did not give him the money
immediately, he would cut Olvera. Olvera testified that when appellant said that, he was afraid he might be hurt or killed. Olvera backed away from appellant into the corner behind
the counter. Appellant walked closer to Olvera and told him that if Olvera did not give him the
money, he would cut him and that he meant it. Olvera walked back to the register, opened it, and
gave appellant's companion the money. On cross-examination, Olvera affirmed his previous
statement to the police that appellant was carrying a big knife with a green handle. The knife was
not admitted in evidence at trial.

 The man who had accompanied appellant into the store, Darrell Currey, testified
that appellant held the knife in his hand and repeatedly threatened Olvera in order to obtain the
money. When Olvera couldn't get the register open, appellant said, "You better hurry up and get
it open or I'm going to stick you with this." After Olvera gave the money to appellant, Currey
pulled the phone out of the wall, appellant put Olvera in the bathroom, and the two left.

 A knife becomes a deadly weapon when its use or intended use renders it capable
of causing serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(11)(B) (1974). Intended use
is shown by the defendant's actions and by the victim's perception of those actions. Tisdale v.
State, 686 S.W.2d 110, 115 (Tex. Crim. App. 1984) (opinion on rehearing). If a defendant
implies by his words and actions that a knife is capable of causing serious bodily injury in order
to thwart resistance to an offense, a deadly weapon finding is justified. English v. State, 647
S.W.2d 667 (Tex. Crim. App. 1983); Cruz v. State, 576 S.W.2d 841 (Tex. Crim. App. 1979). 
We review the evidence in the light most favorable to the prosecution to determine whether any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159
(Tex. Crim. App. 1981).

 Here, appellant stood next to Olvera, displayed a knife, and threatened to cut
Olvera with it if he did not give him the money. When Olvera backed into a corner, appellant
advanced on Olvera and repeated his threat. Olvera testified that he feared appellant would hurt
or kill him. Appellant's words and actions implied that the knife was capable of seriously injuring
Olvera, and he used that implication to obtain the money. A rational juror could have found
beyond a reasonable doubt that the knife exhibited by appellant was a deadly weapon. 


 We affirm the judgment of conviction.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: May 27, 1992

[Do Not Publish]