Affirmed and Opinion filed October 10, 2002









Affirmed and Opinion filed October 10, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01133-CR

____________

 

ROZELE EUGENE BOSTON,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 230th District Court

Harris County, Texas

Trial
Court Cause No. 853,496

 



 

O
P I N I O N

Appellant Rozele Eugene Boston was convicted of felony
burglary.  The trial court found that the
knife used during the commission of the burglary was a Adeadly weapon@ under the Texas Penal Code.  Appellant does not challenge the burglary
conviction, rather, he limits his appeal to the trial court=s finding.  We affirm.

I.  BACKGROUND

In his sole point of error, appellant argues there was
legally insufficient evidence or, in the alternative, factually insufficient
evidence to support the trial court=s deadly weapon finding.  In August of 2000, appellant entered the
Baytown home of Shari Barger without her permission.  He was subsequently charged with felony
burglary.  The District Attorney filed a
notice of intent to seek an affirmative finding that the knife appellant used
during the burglary constituted a deadly weapon.  Appellant waived his right to trial by jury
and entered a plea of not guilty.  After
a bench trial, the trial court found appellant guilty of burglary and found the
deadly weapon enhancement to be true.

Testimony supporting the enhancement came from Barger=s twelve year old son, B.B.  At trial, B.B. testified that on the night of
the burglary he was in his bedroom when he saw a light in his eyes and then the
outline of someone=s headCwhich did not surprise him as he assumed the person was his
mother=s boyfriend.  After seeing the light a second time, B.B.
saw appellant, who forced B.B. into the living room. 

On the night of the incident, B.B. only told police that a
knife appeared on his bed during the course of the burglary.  At trial, B.B. offered a few more details,
most notably that he saw appellant carrying a knife about an arm=s length away from him.  He testified that the weapon put him in great
fear after appellant Ashowed it to [him].@ 
B.B. stated he was afraid appellant would cut him and that he would not
live through the burglary.  According to
B.B., he tried to scream, but appellant covered his mouth to silence him and
then ordered him, ADon=t say a word or I=ll put a bullet in your brain.@ 
Appellant then fled the scene after forcing B.B. to assist him in
carrying items from the house to an automobile.

II.  STANDARD OF REVIEW








Reviewing courts invoke differing tests to determine whether
the evidence adduced meets the legal and factual sufficiency tests.  See Johnson v. State, 23 S.W.3d 1, 11
n.13  (Tex. Crim. App. 2000) (noting that
appellate courts must be Apersistently mindful@ in distinguishing between the
standards for legal and factual sufficiency reviews).  When an appellant challenges both the legal
and factual sufficiency of the evidence, the reviewing court addresses the
legal sufficiency challenge first because an affirmative finding on that issue
will result in rendition of a judgment of acquittal, while a finding of factual
insufficiency warrants a remand for a new trial.  See Nickerson v. State, 69 S.W.3d 661,
668 (Tex. App.CWaco 2002, pet. ref=d).

In conducting a legal sufficiency review, an appellate court
must view the evidence in the light most favorable to the prosecution and
determine if any rational fact finder could have found the crime=s essential elements to have been
proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307,
319 (1979).  The reviewing court will
examine the entire body of evidence; if any evidence establishes guilt beyond a
reasonable doubt, and the fact finder believes that evidence, the appellate
court may not reverse the fact finder=s verdict on grounds of legal
insufficiency.  See id.

In reviewing for factual sufficiency, an appellate court will
examine all the evidence without the prism of Ain the light most favorable to the
prosecution,@ and will set aside the fact finder=s verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). 
However, an appellate court conducting a factual sufficiency review must
be appropriately deferential so as to avoid substituting its own judgment for
that of the fact finder.  Id. at 648.
 Accordingly, we are only authorized
to set aside the fact finder=s finding in instances where it is manifestly unjust, shocks
the conscience, or clearly demonstrates bias. Id.




III.  THE KNIFE AS A
DEADLY WEAPON

Appellant argues that the knife in question cannot be a
deadly weapon under the statutory definition. 
The Texas Penal Code defines a Adeadly weapon@ as either (A) a firearm or anything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or (B) anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.@ 
Tex. Pen. Code Ann. ' 1.07(a)(17) (Vernon 1994 and Supp.
2002).  A well-settled rule of Texas
criminal jurisprudence is that a knife is not a deadly weapon per se or by
design.  See Thomas v. State, 821
S.W.2d 616, 620 (Tex. Crim. App. 1991); Nickerson, 69 S.W.3d at
670.  However, a knife can be a deadly
weapon if in the manner of its use or intended use it was capable of causing
death or serious bodily injury. See Tex.
Pen. Code Ann. ' 1.07(a)(17)(B); Garcia v. State, 17 S.W.3d 1, 4 (Tex.
App.CHouston [1st Dist.] 1999, pet. ref=d). 
Thus, a knife, as an Aassaultive instrument,@ may be considered a Adeadly weapon@ under the Penal Code=s second definition.  See Herbert v. State, 631 S.W.2d 585,
586 (Tex. App.CEl Paso 1982, no pet.); but see
Miller v. State, 846 S.W.2d 365, 369 (Tex. App.CHouston [14th Dist.] 1992, no pet.)
(noting that some varieties of knife can be deadly weapons by design and
could qualify under the first definition). 
Each case must be examined on its own facts to determine whether the
fact finder could have concluded from the surrounding circumstances that the
knife was used or was to be used as a deadly weapon.  Brown v. State, 716 S.W.2d 939, 947 (Tex.
Crim. App. 1986).

Appellant contends the kitchen knife in question cannot be
considered a Adeadly weapon@ by design.  The Court of Criminal Appeals has observed:








Kitchen knives, utility knives,
straight razors, and eating utensils are manifestly designed and made for other
purposes and, consequently, do not qualify as deadly weapons unless actually
used or intended to be used in such a way as to cause death or serious bodily
injury within the meaning of [the statute]. 
Whether a particular knife is a deadly weapon by design, a deadly weapon
by usage, or not a deadly weapon at all, therefore, depends upon the evidence.

Thomas, 821
S.W.2d at 620.  The State does not argue
the knife in question is a deadly weapon by design, and appellant characterizes
it as Awhat appears to be a kitchen knife.@ 
Therefore, the essential question becomes whether there is sufficient
evidence to show the appellant used the knife or intended to use it in such a
way that it was Acapable of causing death or serious bodily injury.@ 
See Alvarez v. State, 566 S.W.2d 612, 614 (Tex. Crim. App. 1978);
Danzig v. State, 546 S.W.2d 299, 302 (Tex. Crim. App. [Panel Op.] 1977).

Although its deadly capabilities constitute the Aevidentiary linchpin,@ other factors become relevant when
considering a knife=s usage in any Adeadly weapon@ analysis.  See Wade v. State, 951 S.W.2d 886, 892
(Tex. App.CWaco 1997, pet ref=d) 
In ascertaining whether a particular knife is a deadly weapon by its
actual or intended usage, we consider several factors articulated by Texas
courts, including: (1) the size, shape, and sharpness of the knife; (2) the
manner of its use or intended use; (3) the nature or existence of inflicted
wounds; and (4) the testimony of the knife's life‑threatening
capabilities.  See Garcia, 17
S.W.3d at 4.  Also relevant are the
surrounding circumstances of the knife=s usage, such as any verbal threats
by the defendant, the distance between the defendant and the victim, and any
witness description of the knife.  Wade,
951 S.W.2d at 892.  Intent to cause
serious bodily injury may also be shown by evidence of Aassertive conduct@ by the attacker wielding the
knife.  Id. at 892 n.2.  Though injuries are among the aforementioned
factors to be weighed, wounds need not be inflicted before a knife can be found
to be a deadly weapon.  Miller,
846 S.W.2d at 369; Ford v. State, 828 S.W.2d 525, 527 (Tex. App.CHouston [14th Dist.] 1992, pet. ref=d).

IV.  THE KNIFE IN
QUESTION








In arguing that the knife cannot be a Adeadly weapon,@ appellant seizes upon an alleged
conflict in B.B.=s testimony. 
Interviewed the night of the burglary, B.B. mentioned only that he saw a
knife at the end of his bed that had not been there when he went to sleep.  At trial, however, he testified that he saw
the knife in appellant=s hand and that it was an arm=s length away from him, which caused
him great distress.  Appellant emphasizes
B.B.=s particular phrasing at this point: AHe just showed it to me.@ 

Appellant=s argument is two-fold: 
If the knife was just on the bed during the course of the burglary, it
was simply Aa knife on a bed@ and therefore not a Adeadly weapon.@ 
If the appellant actually held the knife, however, then he merely
possessed it, as the only witness remarked that Ahe just showed it to me.@ 
Assuming arguendo that B.B.=s initial statement to police
conflicts with his trial testimony, any factual conflict would be resolved by
the fact finder.  Having waived his right
to a trial by jury, appellant chose the trial court as the finder of fact.  When sitting as the sole trier of fact, the
trial court becomes the exclusive judge of the credibility of the witnesses and
the weight to be given to their testimony. 
See Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App.
1987).  He is authorized to accept or
reject any or all of the testimony of the witnesses for either the State or the
accused.  Id.  When faced with conflicting evidence, we
presume the trier of fact resolved conflicts in favor of the prosecution.  See Turro v. State, 867 S.W.2d 43, 47
(Tex. Crim. App. 1993).  Thus, by
affirmatively finding that the knife was indeed a deadly weapon, the trial
court chose to believe B.B.=s trial testimony over any alleged discrepancies that
appellant sought to illicit during cross examination.








Despite appellant=s contention that simply Ashowing@ the knife to the victim removes it
from the realm of the statute, this court observed almost a decade ago that Amerely showing a knife to a victim
constitutes >use= of the knife@ under the statute.  See Soto v. State, 864 S.W.2d 687, 691
(Tex. App.CHouston [14th Dist.] 1993, pet. ref=d).[1]  In stating that proposition in Soto,
this court relied upon Tisdale v. State, in which the defendant came
within physical contact of the victim and held a knife Awithin arm=s reach of the victim=s face and torso.@  686 S.W.2d 110, 115 (Tex. Crim. App. 1984)
(on rehearing) (en banc) (AThe evidence presented shows that appellant=s >use= of the knife was by showing it to
his victim.@). In its original opinion, the Tisdale
court noted that the defendant made no gestures with the knife and merely
held it in his right hand.  Id. at
111B12. 
The Tisdale court originally found such evidence insufficient to
support a finding that the knife was a deadly weapon under the circumstances
for fear that a contrary holding would elevate a knife to a deadly weapon per
se.  Id. at 112.  However, on rehearing, the court observed
that Awhere one
person uses or exhibits a knife during the course of a robbery in order to
threaten or place another in fear of imminent bodily injury or death, a
rational trier of fact could find beyond a reasonable doubt that the knife was
a deadly weapon in the manner of its use or intended use.@  Id. at 114.

Thus, presentment of the knife
coupled with the fear of the victim are sufficient to constitute a threat by
the accused.  See Soto, 864 S.W.2d at 692 ; see
also Hatchett v. State, 930 S.W.2d 844, 848B49 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d) (noting
that defendant=s threatening statement and close
proximity were factors contributing to weapon=s
deadliness).  In Billey v. State, the Amarillo Court
of Appeals wrote:

[E]vidence is sufficient if a knife
is capable of causing death or serious bodily injury or if it is displayed in a
manner conveying an express or implied threat that serious bodily injury or
death will be inflicted if the desire of the person displaying the knife is not
satisfied.  Where the victim testifies
that he or she was in fear of serious bodily injury or death, a verbal threat
by the accused is not required for the fact finder to conclude that threats
were actually made.

895 S.W.2d 417, 422 (Tex. App.CAmarillo 1995, pet. ref=d).








According to B.B.=s trial testimony, appellant
threatened him with death and covered his mouth with a sock-covered hand, a
harrowing experience for any individual, especially a young boy late at
night.  There can be little doubt that a
burglar=s use of a kitchen knife to silence a
child victim in his home meets the deadly weapon test under the case law.  Under these circumstances, we cannot disagree
with the trial court=s finding that the knife was a deadly weapon by its actual or
intended usage.

CONCLUSION

We find the evidence legally and factually sufficient to support
the trial court=s finding. Based on the evidence adduced at trial, a rational
trier of fact could conclude that the enhancement was proven beyond a
reasonable doubt.  Further, the fact
finder=s decision is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. We
overrule appellant=s sole point of error.

The judgment of the trial court is affirmed.

 

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered
and Opinion filed October 10, 2002.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 

 











[1]  In his brief,
appellant contends that it is Anot reasonable@ that
Appellant would threaten to put a bullet in the head of a child while holding a
knife and not a gun.  Thus, according to
that bizarre non-sequitur, the knife cannot be a Adeadly
weapon@ by its usage because the threat referenced a
nonexistent firearm and not a dagger.  We
find this argument unpersuasive.