# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00222-CR

**Osiris Barrientos, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 9024217, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Osiris Barrientos appeals from his conviction of aggravated robbery. Barrientos was convicted on his plea of not guilty of the offense of aggravated robbery. *See* Tex. Pen. Code Ann. §§ 29.02, 29.03(a) (West 2003). After the court found appellant guilty, it assessed punishment at fifteen years' confinement in the Texas Department of Criminal Justice-Institutional Division. In one issue on appeal, appellant contends there was legally insufficient evidence to support the finding that he used a deadly weapon. We will affirm the trial court's judgment.

## BACKGROUND

Walid Jomaa testified that on November 12, 2001, appellant Barrientos entered the Quick Stop store on East Cesar Chavez where Jomaa was working alone. Jomaa recognized Barrientos because he is a regular customer at the store. Barrientos attempted to purchase beer with

pennies. Jomaa would not accept the pennies. Barrientos retrieved a knife from his jacket, pulled Jomaa to the wall, and took money from the cash register.

Jomaa described the knife which was held against his stomach as a kitchen knife, a "big knife," that cannot be closed. Jomaa feared for his life. However, Jomaa did not suffer any cuts to his clothing or wounds to his body from the knife. As Barrientos ran out of the store, he told Jomaa that if he called the police, he would kill him. Austin Police Department responded to Jomaa's call. The police officer testified that Jomaa seemed disturbed and upset from the event that had occurred. Barrientos testified on his behalf. He admitted that he had been a regular customer in the store but denied that he was involved in any robbery of the store.

The trial judge found that Barrientos used a deadly weapon and found him guilty of aggravated robbery.

**DISCUSSION**

*Legal Sufficiency*

In his only issue on appeal, Barrientos argues that the evidence in this case is legally insufficient to support his conviction of aggravated robbery. Specifically, he alleges that there is no evidence to prove that the alleged knife is a deadly weapon. In reviewing the legal sufficiency of the evidence to support a conviction we view all of the evidence in the light most favorable to the verdict to determine whether a rational finder of fact could have found the essential elements beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Hayes v. State*, 132 S.W.3d 147, 155 (Tex. App.—Austin 2004, no pet.).

2

This standard gives responsibility to the trier of fact to resolve conflicts in testimony, weigh evidence, and draw reasonable conclusions from the evidence. *See Garcia v. State*, 57 S.W.2d 436, 441 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003). When reviewing legal sufficiency of the evidence "we are not to sit as a thirteenth juror re-weighing the evidence or deciding whether we believe the evidence established the element in contention beyond a reasonable doubt." *Blankenship v. State*, 780 S.W.2d 198, 207 (Tex. Crim. App. 1989). Sufficiency of the evidence is a question of law, and the appellate court does not determine credibility issues. *Hayes*, 132 S.W.3d at 155. We are not to substitute our judgment for that of fact finder. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Rather we are to ask ourselves whether the trier of fact could have found the essential elements of a crime beyond a reasonable doubt.

*Knife as a Deadly Weapon*

A person commits an aggravated robbery if he commits robbery as defined in section 29.02 and uses or exhibits a deadly weapon. *See* Tex. Pen. Code Ann. § 29.03(a)(2) (West 2003). A deadly weapon is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury"; or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See id.* § 1.07(a)(17) (West Supp. 2004). Only the second part of the definition is at issue here, that is, whether a knife is a deadly weapon. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991) (knife generally not deadly weapon per se). Knives are manifestly designed and made for purposes other than being a deadly weapon. *See id.* However, a knife can be a deadly weapon if the "manner of its use or intended use

3

is *capable* of causing death or serious bodily injury." *See* Tex. Pen. Code Ann. § 1.07(a)(17)(B) (emphasis added); *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

Barrientos contends that the evidence is legally insufficient in this case because the knife was never found or introduced into evidence. He claims that without viewing the knife the trier of fact cannot conclude that such knife was used as a deadly weapon. The actual knife need not be introduced into evidence to determine whether it is a deadly weapon if a witness is able to testify about it and describe its manner of use. *See Kent v. State*, 879 S.W.2d 80, 83 (Tex. App.—Houston [14th Dist.] 1994, no pet.). The Texas Court of Criminal Appeals has considered several factors that may be used in determining whether an object is a deadly weapon: physical proximity between the victim and the object, *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex. Crim. App. 1984); the threats or words used by the defendant, *Williams v. State*, 575 S.W.2d 30, 32 (Tex. Crim. App. 1979);[1] the size and shape of the weapon, *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983); the weapon's ability to inflict death or serious injury, *id.*; and the manner in which the defendant used the weapon, *id.* No one factor is determinative, and we must look at each case on its own facts. *Bailey v. State*, 46 S.W.3d 487, 491 (Tex. App.—Corpus Christi 2001, pet. ref'd).

The close proximity between Jomaa and Barrientos and the threats that were used support the finding that the knife in question was used as a deadly weapon. Jomaa testified that Barrientos pushed him against the wall and held the knife pressed to his stomach. Although he

---

[1] In fact, if a victim testifies that he or she was in fear of serious bodily injury or death, an actual verbal threat by the accused is not required for the fact finder to conclude that threats were made. *Billey v. State*, 895 S.W.2d 417, 422 (Tex. App.—Amarillo 1995, pet. ref'd) (citing *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex. Crim. App. 1984)).

suffered no cuts on his clothing or his body, wounds need not be inflicted before a knife can be considered deadly. *See Brown v. State*, 716 S.W.2d 939, 946 (Tex. Crim. App. 1979). Jomaa also testified that at the time the knife was touching his body he felt scared and feared for his life. The victim's testimony that he was in fear of death can serve as a threat that the accused intends to use the knife in such a manner as to cause serious bodily injury or death. *See Billey*, 895 S.W.2d at 423. Also, we can look at the words spoken in deciding if the weapon is deadly. *Williams v. State*, 575 S.W.2d at 32. Barrientos stated, "[I]f you call the police, I am going to come back and kill you." The physical proximity between Jomaa and Barrientos and the threatening language used could cause one to reasonably believe that Barrientos intended to use the knife in a manner capable of causing death or serious bodily injury. *See McCain*, 22 S.W.3d at 503 ("[W]e agree with the SPA's contention that objects used to threaten deadly force are in fact deadly weapons."; statute covers conduct that threatens deadly force; actor's intent to use object in a manner in which it is capable of causing death or serious bodily injury is a factor that fact finder can consider in deadly weapon analysis).

Jomaa also testified that about the use of the knife, and the knife's size. Jomaa described the knife as a long knife similar to a kitchen knife. He also testified that the knife was a "big knife," not one which can be folded. A knife such as the one described has the capability of causing death or serious injury. *See McCain*, 22 S.W.3d at 503 (butcher knife used in aggravated robbery was deadly weapon because defendant may have "intended" to use it in a manner capable of causing death or serious bodily injury); *Billey v. State* 895 S.W.2d at 423 (evidence about size of

5

knife and its injurious capability, appellant's proximity to complainant, and implied threat to use knife against complainant if she did not comply was sufficient). Based on these factors, the evidence is sufficient to support the conviction for aggravated robbery.

The appellant relies on a set of cases in which a knife was not held to be a deadly weapon. In *Blain v. State*, the court found the evidence insufficient to support an aggravated robbery conviction. *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). However, unlike in the present case in *Blain* there was no testimony establishing the size of the blade, the appearance of sharpness, brandishing motions, or the victim's fear of serious bodily injury or death. *Id.* Likewise, the court in *Alvarez v. State* held there was insufficient evidence of a deadly weapon in an aggravated assault case. *See Alvarez v. State*, 566 S.W.2d 612, 614 (Tex. Crim. App. 1978). In *Alvarez*, there was an absence of testimony as to the size of the blade, although there was testimony that the knife looked sharp and that appellant's motions put the victim in fear of serious bodily injury or death. *Id.* However, in the present case there is testimony about Jomaa's fear of serious bodily injury or death, appellant's threats, and the description of the knife.

Considering the close proximity between Jomaa and Barrientos, the threats Barrientos made, and Jomaa's description of the knife, the evidence is legally sufficient to find that Barrientos intended to use the knife in such a manner that it was capable of causing death or serious bodily injury. Accordingly, the fact finder could have rationally found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319.

## CONCLUSION

Because we overrule all of appellant's issues, we affirm the judgment of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   July 1, 2004

Do Not Publish