Michael William MADDEN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–81–072–CR.

Court of Appeals of Texas,
Eastland.

Jan. 14, 1982.

Discretionary Review Refused
May 5, 1982.

William F. Alexander, Tucker, Gano & Alexander; Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

This is an appeal from an aggravated robbery conviction. The jury assessed punishment, enhanced by a prior felony conviction, at imprisonment for 16 years.

On September 1, 1979, James N. Porter, a pharmacist at a Page Super Drug Store, approached appellant to help him make a selection at the vitamin counter. Porter showed appellant two or three different vitamins, and as Porter started to walk away, appellant "shoved" a screwdriver up

against Porter's stomach and said, "How about all your Dilaudid." Porter hit appellant who fell to the floor. A scuffle took place and another employee of the store aided Porter in holding appellant until an officer arrived and took appellant into custody. Porter received a scratch on his stomach and was bleeding from his ear and elbow at the scene. He stated that he did not know if the injuries were sustained from the screwdriver or the scuffle. Dilaudid is a narcotic drug.

Appellant contends the evidence is insufficient to show that the screwdriver was a "deadly weapon" as alleged in the indictment.

Tex.Penal Code Ann. § 1.07 (Vernon 1974) provides in part:

　　*　　*　　*　　*　　*　　*

(11) "Deadly weapon" means:

　　*　　*　　*　　*　　*　　*

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

 Porter testified that appellant "kind of forceably pushed" the screwdriver "up under" his white pharmacy jacket and "kind of jabbed" it when he said, "How about all your Dilaudid." He said that it put a hole in his undershirt. Porter did not receive serious injuries, but it is not necessary that wounds be inflicted. *Denham v. State,* 574 S.W.2d 129 (Tex.Cr.App.1978). The screwdriver was introduced into evidence. Officer R. L. Dorcey testified that he had seen people stabbed with screwdrivers similar, in blade length, to the one used by appellant, and that in his opinion, if someone were stabbed in the stomach with such an instrument, it could cause death or serious injuries. Dr. Thomas F. Gilcrist, a Dallas County Medical Examiner, testified that the "weapon" or "tool" used by appellant if used to stab someone in the abdomen, could cause serious bodily injury or death.

*Harris v. State,* 562 S.W.2d 463 (Tex.Cr. App.1978), cited by appellant, is distinguishable. Judge Tom Davis, the author of *Harris,* distinguished *Harris* in *Denham* by pointing out that in *Harris* neither the victim nor the witness saw the alleged knife. Appellant's insufficiency of the evidence challenge is overruled. *Dominique v. State,* 598 S.W.2d 285 (Tex.Cr.App.1980).

Appellant next asserts that the trial court erred in refusing his special requested charge on temporary insanity at the punishment phase of the trial. We disagree. Appellant argues that the jury should have been instructed that if it found from the evidence that the appellant was "laboring under temporary insanity . . . produced by voluntary intoxication," then the jury might take such temporary insanity into consideration in mitigation of the penalty. The requested instruction was not in accordance with Tex.Penal Code Ann. §§ 8.04 and 8.01 (Vernon 1974). The court in *Hart v. State,* 537 S.W.2d 21 (Tex.Cr.App.1976) stated clearly that Sections 8.04 and 8.01 must be read together. The court said:

> Reading Sections 8.04 and 8.01, supra, of the present code together, a defendant, to avail himself of the mitigation provision of Section 8.04, supra, must as the result of intoxication, (1) "not know his conduct was wrong" or (2) "was incapable of conforming his conduct to the requirements of the law he violated."

 There is evidence that appellant took valium tablets and consumed a six pack of malt beer before the incident. Appellant testified that it was like a "walking sleep" and he only remembered "part" of what occurred. The evidence did not raise the issue that appellant did not "know his conduct was wrong" or that appellant "was incapable of conforming his conduct to the requirements of the law he violated." The defendant in *Hart* testified that he remembered entering the store where the robbery occurred but that he did not recall doing the things he was accused of doing on the occasion in question. The court, while observing that it appeared undisputed that the defendant was intoxicated, stated:

> Further, we do not find the testimony of appellant and Borst relative to appellant being forgetful and being unable to remember the events on the night in ques-

tion to raise the issue of temporary insanity.

We also overrule appellant's contention that the court committed fundamental error in charging the jury at the guilt-innocence phase of the trial that voluntary intoxication does not constitute a defense. *Williams v. State*, 567 S.W.2d 507 (Tex.Cr.App. 1978).

■ Appellant urges that the evidence is insufficient to support a verdict of "true" as to the enhancement count of the indictment. The indictment alleges that the appellant had been previously convicted of "Unlawful possession of a controlled substance to-wit: Hydromorphonesulfate." Appellant argues that the prior conviction is void because the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15, Sec. 2.04(b)(1)(K), lists "Hydromorphone" and not "Hydromorphonesulfate" as a controlled substance. We think appellant's reliance on *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr.App.1980) is misplaced. *Crowl* involved an appeal of a conviction where the evidence showed that the charging indictment was fundamentally defective. Here, appellant attempts to collaterally attack a prior nonappealed conviction. The penitentiary packet shows that appellant committed the prior alleged offense on April 14, 1977, and was convicted on March 20, 1978. The packet does not include the indictment; only the judgment of conviction and the sentence are in evidence. In discussing substances not named in the Controlled Substances Act, the court in *Ex Parte Wilson*, 588 S.W.2d 905 (Tex.Cr.App. 1979) said:

> To state the rule generally, we hold that in a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance not specifically named in a penalty group but which is otherwise described in a penalty group (for example, an isomer of methamphetamine), such description is an essential element of the offense which must be alleged in the indictment in order to state an offense. The same rule applies to prosecutions under the Dangerous

Drugs Act involving a drug not specifically named in Sec. 2(a) but which is otherwise described therein (for example, a legend drug).

There is no proper proof in this collateral attack that the indictment in the prior conviction failed to allege why "Hydromorphonesulfate," a substance not listed by name in a penalty group, is a controlled substance.

■ Finally, we overrule appellant's ground of error that the trial court erred in overruling his motion to dismiss the indictment for failure to comply with the Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 32A.02. Appellant was indicted for the instant offense on October 8, 1979. The record reflects that the State made unchallenged announcements of ready on October 29, 1979, and December 3, 1979. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

The judgment is affirmed.