NUMBER 13-02-610-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

IPOLITO SEPEDA A/K/A PAUL SEPEDA,                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 36th District Court
of San Patricio County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez

         Appellant, Ipolito Sepeda a/k/a Paul Sepeda, was tried before a jury and
convicted of aggravated robbery. The jury sentenced appellant to fifty years
imprisonment. The trial court has certified that this “is not a plea-bargain case, and
the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2). By two issues,
appellant contends that the evidence is legally and factually insufficient to support a
finding that he committed the aggravated robbery and that he used or exhibited a
deadly weapon. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. AGGRAVATED ROBBERY
         Appellant challenges the legal and factual sufficiency of the evidence to support
the jury’s findings that he committed the aggravated robbery and that he used or
exhibited a deadly weapon.
A. Standard of Review
1. Legal Sufficiency
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). A jury “as the sole judge of the
weight and credibility of the evidence” is free to accept or reject any evidence “even
if that evidence was uncontradicted.” Wilkerson v. State, 881 S.W.2d 321, 324 (Tex.
Crim. App. 1994) (citing Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App.
1981)). Evidence is not rendered insufficient when conflicting evidence is introduced. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing
court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution. Id.
         On appeal, we measure the legal sufficiency of the evidence in a jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Poindexter v.
State, 115 S.W.3d 295, 298 (Tex. App.–Corpus Christi 2003, pet. denied). This
hypothetically correct jury charge would set out the law, be authorized by the
indictment, not necessarily increase the State's burden of proof or necessarily restrict
the State's theories of liability, and adequately describe the particular offense for
which the defendant was tried. Malik, 953 S.W.2d at 240; see Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000). 
2. Factual Sufficiency
         We also measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd) (discussing
application of “hypothetically correct jury charge” analytical construct in context of
factual-sufficiency review in case tried to jury). In reviewing the factual sufficiency
of the elements of the offense on which the State carries the burden of proof, we
impartially examine all of the evidence and set aside the verdict only if “proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by the contrary
proof.” Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). In our factual
sufficiency review, we are again required to accord due deference to the jury's
determinations on the weight and credibility of the evidence and may not merely
substitute our own judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d
at 7; Mosley, 983 S.W.2d at 254.
B. Applicable Law
         A person commits robbery if, in the course of committing a theft, he
intentionally or knowingly places another in imminent fear of bodily injury or death. 
See Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon 2003). A person commits aggravated
robbery if he commits a robbery and uses or exhibits a deadly weapon. See id. §
29.03(a)(2). A deadly weapon is anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury. See id. § 1.07(a)(17)(B)
(Vernon Supp. 2004). 
C. Analysis
         At trial, the victim, Diana Casanova, testified that appellant entered the store
while she was alone and asked when the store would close. According to Casanova’s
testimony, appellant left the store but returned approximately fifteen minutes later
wearing the same clothes and a bandana covering part of his face. Casanova stated
appellant then held a sharp object to her neck and demanded she give him all of the
store’s money. Casanova reported she feared for her life. Appellant fled after
Casanova complied with his demand but was caught a short distance away by the
police. He was brought back to the store where Casanova positively identified him as
the robber. Although appellant was apprehended without any incriminating evidence
in his possession, the record shows that the police recovered clothing and a bandana
that matched the robber’s apparel, a knife, and a small amount of money along the
path between the store and the location where appellant was apprehended. 
1. Legal Sufficiency Analysis
         Reviewing the evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, we conclude that the jury could have found the elements of the
aggravated robbery beyond a reasonable doubt. See Tex. Pen. Code Ann. §
29.02(a)(2). Any rational trier of fact could have found that Casanova identified
appellant as the person who committed the aggravated robbery. The victim spoke
with appellant fifteen minutes before the robbery. Appellant left, returning only to
have changed his appearance by adding a bandana around part of his face. The fact
finder could also have found beyond a reasonable doubt that the sharp object used in
the robbery was a deadly weapon, given Casanova’s testimony that appellant held the
item to the back of her neck, applied pressure, and she felt the point. See Dominique
v. State, 598 S.W.2d 285, 285-86 (Tex. Crim. App. 1980) (finding the sharp
instrument defendant held to victim’s throat qualified as a deadly weapon); Madden
v. State, 628 S.W.2d 161, 162 (Tex. App.–Eastland 1980, pet ref’d) (finding the
screwdriver that defendant pushed up against victim’s stomach qualified as a deadly
weapon).
2. Factual Sufficiency Analysis
         Furthermore, based on the evidence presented above, we conclude that the
proof of guilt is not so obviously weak as to undermine confidence in the jury’s
determination. See Swearingen, 101 S.W.3d at 97. While appellant’s counsel
contends that Casanova was emotionally distraught when she identified the defendant
in the back of the patrol car, Casanova did recognize appellant as the robber based on
their initial encounter fifteen minutes before the robbery. Also, while no evidence was
presented that links the recovered knife with appellant, Casanova testified that
appellant held a sharp object to her neck causing her to fear for her life. Appellant’s
counsel provided no contradicting evidence that would greatly outweigh the jury’s
verdict. See Swearingen, 101 S.W.3d at 97. 
         The evidence is therefore legally and factually sufficient to uphold the jury’s
verdict. Appellant’s first and second issues are overruled.
 
III. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.
 
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice 

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed this
24th day of June, 2004.