# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00165-CR

**William Flores, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-08-200535, HONORABLE JIM CORONADO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Following a bench trial, the district court convicted appellant William Flores of the offense of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2003). Punishment was assessed at seventeen years' imprisonment. In a single point of error, Flores asserts that the evidence is legally insufficient to support a finding that he used a deadly weapon during the commission of the offense. We will affirm the judgment.

### STANDARD OF REVIEW

In a legal sufficiency review, we consider whether, after viewing the evidence in the light most favorable to the finding of guilt, a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "This standard accounts for the factfinder's duty 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences

from basic facts to ultimate facts.'" *Clayton*, 235 S.W.3d at 778 (quoting *Jackson*, 443 U.S. at 319). It is not necessary that every fact point directly and independently to the defendant's guilt, but it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

**ANALYSIS**

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See* Tex. Penal Code Ann. § 29.02(a)(2) (West 2003). The robbery is aggravated if the person uses or exhibits a deadly weapon during the commission of the offense. *See id*. § 29.03(a)(2).

Flores concedes on appeal, as he did at trial, that he committed the offense of robbery. Flores's only contention is that the evidence is legally insufficient to support a finding that he used or exhibited a deadly weapon. According to Flores, the State failed to prove that the object the State charged him with using during the commission of the offense, a screwdriver, was a deadly weapon.

In concluding otherwise, the district court considered the following evidence. The victim, Alexandera Salazar, testified that on January 27, 2008, she "went to Sam's [Club] to get some dinner for my kids." Three of her four children were with her at the time. When Salazar returned home and began to get her children out of the car, she "noticed someone drive by" but thought "nothing of it" until the "car pulled back around" and "blocked off my driveway." Then, Salazar recalled, "a man got [out] and he was walking really fast, like a quick walk. And I didn't hear what he had told me the first time." Salazar continued,

2

I didn't understand what he said. That's when I was like, "What?" And that's when I noticed he pulled out a—I saw a screwdriver and that's when I heard him say, "Give me your purse, lady." So I gave him my purse and he ran back into his car and he drove off. And when he was driving off, I got his license plate number.

Salazar testified that she did not notice the screwdriver until Flores was approximately two feet away from her and demanded her purse. When asked to describe how Flores was holding the screwdriver, Salazar explained, "He had it like holding like not all the way out, but closer like that, like he leaned forward to me." The prosecutor then asked, "Was his arm extended all the way, was it pulled all the way toward his body where his fist or hand was touching his body, or was it somewhere in between?" Salazar answered, "In between." Salazar described the screwdriver as approximately nine and one-half inches long with a sharp end. The metal part of the screwdriver, Salazar added, was approximately six inches long. Salazar testified that she was afraid that Flores would stab her with the screwdriver if she did not cooperate.

After Flores drove away, Salazar called the police. Shortly thereafter, Flores was apprehended. Officers transported Salazar to the location where Flores was being detained, and Salazar identified Flores as the man who had robbed her. Incident to Flores's arrest, officers searched Flores's vehicle. In the passenger compartment, police officers found a large bag containing Salazar's purse and wallet as well as a screwdriver with an orange handle. A picture of these items was admitted into evidence. When asked if the screwdriver discovered in the vehicle was the same as the screwdriver used during the robbery, Salazar testified, "I can't say exactly I know, but I was too nervous at the time to notice if it was a Phillips or flathead. I just saw something

3

sharp at me." When asked if she was sure that the screwdriver used during the robbery had a sharp end, Salazar testified, "Yes."

Officers Jeffrey Page and Randy Stachewicz of the Austin Police Department investigated the robbery. Officer Page was asked if, in his experience, a screwdriver can be used as a deadly weapon. Page testified, "Absolutely." He explained, "A screwdriver, in my opinion it's a fact, is like any other type of knife or weapon. With enough force anything . . . slender enough, small enough, be it an ice pick, be it a screwdriver, be it a ballpoint pen, delivered with force to a part of the body can cause serious injury." Page added that the sharp end of a screwdriver assists the object in entering the body. Page agreed that a man of Flores's height and build—approximately six feet in height and of medium build, according to Page—could deliver enough force using a screwdriver to inflict serious bodily injury or death. Similarly, Officer Stachewicz was asked if, in his experience, a screwdriver could be used in the same manner as a knife. Stachewicz testified, "Yes." Stachewicz also agreed that a screwdriver could inflict serious bodily injury.

The statutory definition of "deadly weapon" includes "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*. § 1.07(a)(17)(B) (West Supp. 2009). "The provision's plain language does not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury." *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). "The placement of the word 'capable' in the provision enables the statute to cover conduct that threatens deadly force, even if the actor has no intention of actually using deadly force." *Id*. Accordingly, "[t]he State is not required to show that the 'use or intended

4

use causes death or serious bodily injury' but that the 'use or intended use is *capable* of causing death or serious bodily injury.'" *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008) (citing *id.*). Factors considered in determining whether an object is capable of causing death or serious bodily injury include the physical proximity of the parties, the threats or words used by the defendant, the size, shape, and sharpness of the weapon, the manner in which the defendant used the weapon, and the wounds inflicted on the victim. *Brown v. State*, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); *Wingfield v. State*, 282 S.W.3d 102, 107 (Tex. App.—Fort Worth 2009, pet. ref'd).

In this case, the district court heard evidence that Flores quickly approached Salazar and, when he was approximately two feet away from her, held out a screwdriver that was over nine inches long, with a metal part that was approximately six inches long, and had a sharp end. As Flores did so, Salazar testified, he demanded that Salazar give him her purse. Salazar also testified that Flores leaned toward her and that his arm was in an "in between" position while he was holding the screwdriver—meaning that it was neither touching his body nor extended all the way out. The district court could have reasonably inferred from this evidence that Flores had threatened Salazar with the screwdriver. Moreover, Officer Page testified that a screwdriver with a sharp end, delivered with enough force, is capable of causing serious bodily injury. Page further testified that a man of Flores's height and build was capable of delivering such force. Officer Stachewicz testified that a screwdriver could be used in the same manner as a knife, and he agreed that a screwdriver could be used to inflict serious bodily injury. Also, a picture of the screwdriver that was found in Flores's vehicle along with Salazar's stolen possessions was admitted into evidence. The screwdriver had

5

a sharp end. The district court could have reasonably inferred that this was the same screwdriver used to threaten Salazar.

Viewing the above evidence in the light most favorable to the finding, we conclude that the district court could have found beyond a reasonable doubt that Flores used or exhibited a deadly weapon during the commission of the offense. Thus, the evidence is legally sufficient to support Flores's conviction for aggravated robbery. *See Tischmacher v. State*, 221 S.W.2d 258, 262 (Tex. Crim. App. 1949) (concluding that screwdriver may be considered deadly weapon "in the mode and manner of its use"); *Henderson v. State*, 971 S.W.2d 755, 757 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (evidence was sufficient to support finding that screwdriver was deadly weapon when victim testified that defendant "brandished" screwdriver "and began making threatening motions toward" victim, defendant admitted to holding screwdriver during robbery, jury viewed screwdriver "that was the same or similar to the one used" during commission of offense, and police officer testified that similar screwdriver could be used to cause death); *Thomas v. State*, 875 S.W.2d 774, 778 (Tex. App.—Beaumont 1994, pet. ref'd) (evidence was sufficient to support finding that screwdriver was deadly weapon when victim testified that defendant was "probably about two feet" away from her when he threatened her with screwdriver and police officer testified that similar screwdriver could cause death or serious bodily injury); *Madden v. State*, 628 S.W.2d 161, 162 (Tex. App.—Eastland 1982, pet. ref'd) (evidence was sufficient to support finding that screwdriver was deadly weapon when victim testified that defendant "kind of jabbed" screwdriver up victim's pharmacy jacket and demanded that victim give him medicine, and police officer testified that similar screwdriver could be used to cause death or serious injuries).

We overrule Flores's sole point of error.

**CONCLUSION**

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   May 12, 2010

Do Not Publish